[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16166
Non-Argument Calendar

_____

D. C. Docket No. 99-08078-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ANDREW KINSEY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 21, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

William Andrew Kinsey III, a federal prisoner proceeding *pro se*, is

currently serving a 1,655-month sentence for six counts of robbery under the Hobbs Act, in violation of 18 U.S.C. §§ 1951(a) and 2, and six counts of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). After unsuccessfully attacking his convictions and sentences on direct appeal and in a post-conviction motion under 28 U.S.C. § 2255, he brought two motions that are the subject of this appeal.

First, he moved the court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), raising several constitutional and statutory claims, as well as a claim under Amendment 599 of the Sentencing Guidelines. With respect to the latter claim, he appeared to argue that the court erred by applying a weapons enhancement to his robbery offenses. He now appeals the district court's denial of this motion and his subsequent motion to reconsider under Fed. R. Civ. P. 60(b). Second, Kinsey moved the court for a determination of status, in which he attacked the district court's subject-matter jurisdiction to convict and sentence him. He now appeals the district court's denial of this motion and his subsequent motion to reconsider. After review, we affirm the district court.

## I.      Modification of Sentence under 18 U.S.C. § 3582(c)(2)

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its

authority under the Sentencing Guidelines. We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam) (citation omitted).

Section 3582(c)(2) provides that a district court may modify a sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission." *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam).

Amendment 599 to the Guidelines modified the commentary of U.S.S.G. § 2K2.4 and "was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c)." *United States v. Pringle*, 350 F.3d 1172, 1179 (11th Cir. 2003). This Amendment was made retroactive by the Sentencing Commission for purposes of § 3582(c)(2). *See* U.S.S.G. § 1B1.10.

In this case, Kinsey's constitutional and statutory claims are outside the scope of § 3582(c)(2) because they were not based on a Guideline made retroactive

by the Sentencing Commission.  With respect to his Amendment 599 claim, Kinsey did not receive any weapons enhancement to his sentences for the robbery offenses.  Thus, because a retroactively applicable Guideline did not affect his sentence, the district court did not err in denying Kinsey's § 3582(c)(2) motion.  Furthermore, Kinsey was not permitted to move the court to reconsider under Fed. R. Civ. P. 60(b) because § 3582(c)(2) motions are governed by criminal rules. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam).  Accordingly, we affirm with respect to this issue.

## II.    Motion for a Determination of Status

We are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking."  *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).  We review questions concerning jurisdiction de novo.  *Id.*  A prisoner must seek leave from this Court to file a successive motion under 28 U.S.C. § 2255.  28 U.S.C. §§ 2255(h), 2244(b).  If he fails to do so, the district court lacks jurisdiction to consider the successive motion.  *Williams*, 510 F.3d at 1295.

In this case, the district court lacked jurisdiction to consider Kinsey's motion for a determination of status because it was effectively a successive § 2255 motion, and Kinsey failed to obtain permission from this Court to file a successive § 2255

4

motion.  Accordingly, we affirm.

**AFFIRMED.**