[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2010
JOHN LEY
ACTING CLERK

No. 08-15419
Non-Argument Calendar
_____

D. C. Docket No. 07-00173-CV-HL-7

REV. TOM WALKER, II,

Plaintiff-Appellant,

versus

SUN TRUST BANK OF THOMASVILLE, GA,
FORREST MONROE, and/or Estate,
JOSEPH E. POGUE,
JEAN T. POGUE,
BARBARA MONROE,
CASSANDRA MONTGOMERY
THOMAS CTY FEDERAL SAVINGS & LOAN ASSOC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 19, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Reverend Tom Walker II, proceeding *pro se*, appeals from the district court's order dismissing his complaint. On appeal, Walker argues that the district court erred in finding that he was proceeding *in forma pauperis*. He also argues that the court erred in determining that his complaint included a claim under 42 U.S.C. § 1983, and that the court should have converted the defendants' motions to dismiss under Fed.R.Civ.P. 12(b)(6) into motions for summary judgment under Fed.R.Civ.P. 56. He asserts that the court should have provided him with a jury trial and the opportunity to submit evidence in support of his claims. Walker further contends that the court violated his constitutional rights to due process and equal protection by dismissing his complaint. Finally, Walker argues that the district court judge should have recused himself from consideration of his case due to his bias against Walker. For the reasons set forth below, we affirm.

## I.

Walker, a resident of Thomasville, Georgia, filed a *pro se* complaint, naming the following defendants: (1) SunTrust Bank of Thomasville, Georgia ("SunTrust"); (2) Forrest Monroe, of Thomasville, Georgia; (3) Joseph Pogue, of Thomasville, Georgia; (4) Jean Pogue, of Thomasville, Georgia; (5) Cassandra Montgomery, of Thomasville, Georgia; (6) Everett Montgomery, of Thomasville,

Georgia; (7) Mary Rolling, of Thomasville, Georgia; (8) the estate of Howard Brooks, located in Coolidge, Georgia; (9) the City of Thomasville, Georgia ("Thomasville"); (10) the Thomas County Superior Court ("Superior Court"); (11) the Magistrate Court of Thomas County ("Magistrate Court"); (12) the Tax Assessor's Office of Thomasville, Georgia ("Tax Assessor's Office"); (13) the Humane Society of Thomas County ("Humane Society"); (14) the Department of Transportation, Atlanta, Georgia ("Georgia DOT"); (15) Barbara Monroe, of Thomasville, Georgia; (16) Roosevelt Williams, of Thomasville, Georgia; (17) the Thomas County Federal Bank; (18) the Thomas County Sheriff's Department ("Sheriff's Department"); (19) Latesha Bradley, of Valdosta, Georgia; (20) Judge Harry Jay Altman II, of the Superior Court; and (21) David Hutchings, Clerk of the Superior Court.

In his complaint, Walker asserted that he was bringing claims for felony fraud, property fraud, embezzlement, falsified documents, fraudulent deeds, and bank fraud. Walker did not set forth the elements of these offenses, nor did he explain why the defendants were liable for these offenses. In addition, Walker alleged that "Thomasville City officials" violated his due process rights. Specifically, Walker asserted that Thomasville officials permitted a third party to knock down houses and cut down trees on his property due to his

3

African-American race. In his request for relief, Walker stated that he hoped to successfully prove his "criminal case" and garner civil judgments compensating him and his family members for physical and emotional damages.

Walker attached a letter to his complaint. In this letter, Walker stated that he wished to bring criminal charges against Forrest and Barbara Monroe, Jean and Joseph Pogue, Cassandra and Everett Montgomery, and SunTrust for conspiring to defraud him and deprive him of his real property. He also asserted that he sought criminal charges related to the killing of animals on his property. Walker alleged that he had purchased Lots 102 and 129 of Thomas County's 13th district from William McMath in 1976. First National Bank of Thomasville, which was now known as SunTrust, had financed the transaction. Despite the fact that Walker paid back the bank loan in full, the bank, together with Monroe, conspired to hide the property deed from Walker and deprive him of his rights as a property owner.

Apart from asserting that Thomasville officials violated his constitutional rights by permitting third parties to knock down houses and cut down trees on his property, Walker did not assert that any particular defendant took a specific act that deprived him of his constitutional rights. Walker did not mention the following defendants in the body of the complaint: (1) Rolling; (2) Howard Brooks; (3) the Superior Court; (4) the Sheriff's Department; (5) the Magistrate Court; (6) the Tax

4

Assessor's Office; (7) the Humane Society; (8) the Georgia DOT; (9) the Thomas County Federal Bank; (10) Bradley; (11) Altman; and (12) Hutchings.

The docket entry for the filing of Walker's complaint indicates that he received a receipt for paying a filing fee of $350. The record does not indicate that Walker sought or received permission to proceed *in forma pauperis*.

The following defendants responded to Walker's complaint by filing motions to dismiss under Fed.R.Civ.P. 12(b)(6): (1) the Magistrate Court; (2) the Sheriff's Department; (3) the Tax Assessor's Office; (4) Hutchings; (5) the Thomas County Federal Savings and Loan Association ("TCFSLA"), which Walker had misidentified as the "Thomas County Federal Bank"; (6) Thomasville; (7) Judge Altman; (8) the Superior Court; (9) the Georgia DOT; (10) the Humane Society; and (11) SunTrust. These defendants generally argued that Walker's complaint should be dismissed under Rule 12(b)(6) because he failed to make a short and plain statement showing that he was entitled to relief, as required by Fed.R.Civ.P. 8(a)(2).

Jean Pogue, Joseph Pogue, Cassandra Montgomery, and Everett Montgomery filed a *pro se* responsive pleading, in which they asserted that Walker's claims against them were too vague to permit them to properly answer the complaint. The Pogues and the Montgomerys did not, however, indicate that

5

they were seeking dismissal of the complaint.

Walker responded to the above defendants' motions by generally reasserting his contention that they were liable to him for fraud or, in the case of Thomasville, for the violation of his constitutional rights. In each of his responses to the motions for dismissal, Walker requested that the court convert these motions into motions for summary judgment under Fed.R.Civ.P. 56. In addition, he asserted that the court should provide him with the opportunity to submit evidence in support of his claims.

The Monroes, Bradley, Rolling, Williams, and the estate of Howard Brooks did not file responses to Walker's complaint.

The district court entered an order granting the defendants' motions to dismiss. The court found that Walker had failed to make specific allegations against: (1) the Magistrate Court; (2) the Sheriff's Department; (3) the Tax Assessor's Office; (4) TCFSLA; (5) Hutchings; (6) the Humane Society; (7) Judge Altman; (8) the Superior Court; and (9) the Georgia DOT. Accordingly, the court determined that Walker's claims against these defendants did not satisfy the pleading requirements set forth in Rule 8(a)(2), and dismissed his complaint as to these defendants under Fed.R.Civ.P. 12(b)(6).

Addressing the claims against Thomasville, the court determined that,

construing the complaint liberally, Walker's claims against the city were brought pursuant to 42 U.S.C. § 1983. The court noted that "municipal liability under § 1983 exists only when a municipal policy, practice, or the decision of a final municipal policy maker caused the deprivation of [the] plaintiff's federally protected right." The court determined that Walker's "vague and conclusory allegations" failed to implicate such a policy. Accordingly, the court concluded that Walker's claims against Thomasville did not rise above the speculative level, and granted the city's motion to dismiss. Addressing SunTrust's motion to dismiss, the court determined that, while Walker made allegations against SunTrust, these allegations were "ambiguous, conclusory, and unintelligible." The court thus found that Walker's claims against SunTrust failed to satisfy the pleading requirements set forth in Fed.R.Civ.P. 8(a)(2).

The court further reasoned that, even though several defendants had not filed motions to dismiss, 28 U.S.C. § 1915(e)(2)(B) required it to *sua sponte* review Walker's claims because he was proceeding *in forma pauperis*. Thus, the court considered whether dismissal was appropriate as to those defendants who had not filed motions to dismiss. The court dismissed the claims against Williams, the Brooks estate, Rolling, and Bradley because Walker failed to make any specific allegations against them in his complaint.

7

Regarding the Monroes, the Pogues, and the Montgomerys, the court noted that Walker had made allegations against these defendants in the letter attached to his complaint. The court determined, however, that these "ambiguous and conclusory" allegations failed to raise a right to relief above the speculative level. In addition, the court determined that it did not possess subject matter jurisdiction over Walker's claims against the Monroes, the Pogues, and the Montgomerys because these were state law claims, and Walker did not allege facts indicating that the court had diversity jurisdiction. Moreover, because the court had dismissed Walker's § 1983 claims, the court declined to exercise supplemental jurisdiction over Walker's state law claims against the Monroes, the Pogues, and the Montgomerys. Accordingly, the court dismissed Walker's complaint as to all of the defendants.

Walker filed a notice of appeal from the district court's order dismissing his complaint. Thereafter, Walker filed numerous pleadings requesting that the district court permit him to engage in discovery. In these pleadings, Walker asserted that the district court judge who had considered his case was biased against him, and had violated his constitutional rights by dismissing his complaint.

## II.

We liberally construe a *pro se* litigant's pleadings. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). We review a district court's factual findings for clear error. *Daewoo Motor Am., Inc. v. General Motors Corp.*, 459 F.3d 1249, 1256 (11th Cir. 2006). We review *de novo* a district court's determination that it lacks subject matter jurisdiction over a claim. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). We review for abuse of discretion, however, a district court's decision not to exercise supplemental jurisdiction over a claim. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir. 2006). We may affirm a district court's judgment based on any ground supported by the record. *Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004).

Where a plaintiff is proceeding *in forma pauperis*, a district court is required to *sua sponte* determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *See Alba v. Montford*, 517 F.3d 1249, 1251-52, n.3 (11th Cir.), *cert. denied*, 129 S.Ct. 632 (2008). In addition, a district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims. Fed.R.Civ.P. 12(h)(3); *Williams*, 510 F.3d at 1293. A defendant may assert the defense that the plaintiff's complaint fails to state a claim upon which relief may be

granted by filing a motion under Fed.R.Civ.P. 12(b)(6). *See* Fed.R.Civ.P. 12(b).

Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (noting that "[c]omplete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff"). "Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk County School Bd.*, 129 F.3d 560, 566 (11th Cir. 1997).

Where a district court possesses original jurisdiction over a plaintiff's claim under § 1331, it may exercise supplemental jurisdiction over those state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker*, 468 F.3d at 743. Even if a court possesses subject matter jurisdiction over state law claims by virtue of their close connection

10

to a federal claim, the court may decline to exercise its jurisdiction over the state law claims where, among other things, the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Parker*, 468 F.3d at 743.

Under 42 U.S.C. § 1983, a plaintiff may sue an individual who, while acting under color of state law, deprived him of a constitutional right. 42 U.S.C. § 1983; *Collier v. Dickinson*, 477 F.3d 1306, 1307 (11th Cir. 2007). Municipalities and other local government entities are "persons" within the meaning of § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). In order to impose § 1983 liability on a municipality, a plaintiff must show that: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Here, the record provides no support for the district court's determination that Walker was proceeding *in forma pauperis*, because the docket entry for the filing of his complaint indicates that he paid the filing fee, and the record does not reflect that he sought or received permission to proceed *in forma pauperis*. Accordingly, it appears that the district court clearly erred in finding that Walker was proceeding *in forma pauperis*. Based on its erroneous determination of

11

Walker's filing status, the court applied 28 U.S.C. § 1915(e)(2)(B) to *sua sponte* dismiss his claims against those defendants who did not file motions to dismiss – Williams, Brooks, Rolling, Bradley, the Monroes, the Pogues, and the Montgomerys. Because Walker was not proceeding *in forma pauperis*, however, dismissal under § 1915(e)(2)(B) was improper. Moreover, there is no indication that a court may *sua sponte* determine whether a complaint is subject to dismissal under Rule 12(b)(6) where the plaintiff is not proceeding *in forma pauperis*. We note that, while the Pogues and the Montgomerys filed a *pro se* responsive pleading, they did not indicate that they sought dismissal of the complaint. As a result, it does not appear that their motion could be construed as a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

Nevertheless, we may affirm the district court's dismissal of Walker's claims against these defendants who did not file a motion to dismiss on the alternative ground that the court could properly *sua sponte* dismiss these claims for lack of subject matter jurisdiction. Because Walker and the defendants were from Georgia, there was no diversity jurisdiction in this case. Moreover, because Walker's complaint primarily asserted only state law fraud claims, the only basis for federal question jurisdiction in this case was Walker's claim that Thomasville city officials violated his constitutional rights. Construing Walker's complaint

12

liberally, the court properly determined that this allegation constituted a § 1983 claim against a municipality, which provided the court with federal question jurisdiction under § 1331. The court, however, dismissed this claim because Walker failed to allege that Thomasville employed a custom or policy that resulted in the deprivation of his constitutional rights. Because the court dismissed the only claim over which it had original jurisdiction, it then had discretion to decline to exercise supplemental jurisdiction over Walker's state law claims against the other defendants who did not file a motion to dismiss. As a result, even if the court erred in *sua sponte* dismissing these claims under § 1915(e)(2)(B), these claims were still subject to *sua sponte* dismissal for lack of subject matter jurisdiction, and we affirm on this basis.

**III.**

Pursuant to Fed.R.Civ.P. 12(d), if a district court considers matters outside of the pleadings when ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), then the motion to dismiss must be treated as a motion for summary judgment under Fed.R.Civ.P. 56. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). Where a district court considers matters outside the pleadings, thereby converting the motion to dismiss into a motion for summary judgment, the court must provide all parties with a reasonable opportunity to

13

present all material that is pertinent to the decision of whether summary judgment is appropriate. *Id.* "Under most circumstances, such material would not be part of the record underpinning a Rule 12(b)(6) ruling." *Daewoo Motor Am., Inc.*, 459 F.3d at 1266 n.11.

Here, the district court based its dismissal on its determination that Walker's complaint, on its face, did not satisfy the pleading requirements of Fed.R.Civ.P. 8(a)(2), and could not withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6). The court did not consider any matters beyond the pleadings in making this determination. Accordingly, the court did not err by failing to convert the defendants' motions to dismiss to motions for summary judgment. For this same reason, the court did not err by failing to grant Walker a jury trial or otherwise provide him with the opportunity to submit evidence in support of his claims.

## IV.

In order to prevail on a claim that his right to equal protection has been violated, a plaintiff must show that he has been treated differently on account of some form of invidious discrimination. *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). The Fourteenth Amendment's Due Process Clause protects an individual's substantive and procedural rights. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (*en*

14

*banc*).  A violation of substantive due process rights occurs where an individual's fundamental rights, those "implicit in the concept of ordered liberty," are infringed. *Id.* at 1556 (quotation omitted).  Procedural due process rules, on the other hand, protect an individual from the unjustified deprivation of life, liberty, or property. *Carey v. Piphus*, 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978).

Walker's arguments that the court violated his rights to due process and equal protection lack merit.  The court's judgment in this case provide no indication that the court discriminated against Walker on the basis of his race.  In addition, Walker does not otherwise explain how the court violated his constitutional rights, and the record provides no indication that the court violated Walker's fundamental rights, or that its actions resulted in the unjustified deprivation of life, liberty, or property.

Finally, we do not consider Walker's argument that the district court judge should have recused himself from consideration of Walker's case, because Walker did not raise this argument to the district court until after he filed a notice of appeal.  *See Ledford v. Peeples*, 568 F.3d 1258, 1298 (11th Cir. 2009) (holding that we generally do not consider arguments raised for the first time on appeal); *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (holding that, "[a]s a general matter, the filing of a notice of appeal deprives the district court of jurisdiction

15

over all issues involved in the appeal").

**AFFIRMED.**