[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2007
THOMAS K. KAHN
CLERK

No. 06-16115
Non-Argument Calendar

_____

D. C. Docket No. 02-03362-CV-BBM-1

WAYNE BERTRAM WILLIAMS,

Petitioner-Appellant,

versus

BRUCE CHATMAN, Warden,
Hancock State Prison,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 8, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Wayne Bertram Williams, a Georgia prisoner, appeals the district court's denial of both his § 2254 petition and his Rule 60(b) motion for reconsideration. Following a jury trial in state court, Williams was convicted of two counts of murder in connection with what has been informally referred to as "the Atlanta Child Murders," and was sentenced to two consecutive terms of life imprisonment. After exhausting available state remedies, Williams filed a § 2254 federal habeas petition in the Northern District of Georgia.

Following the district court's denial of his § 2254 petition in February 2006, Williams failed to file a notice of appeal within thirty days. Instead, he moved the district court for extensions of time and ultimately filed a motion for reconsideration. After the district court denied Williams' motion, he filed a notice of appeal designating both the district court's denial of his § 2254 petition as well as its denial of his motion for reconsideration. The district court construed the notice of appeal as a request for a certificate of appealability and granted one with respect to six of Williams' claims.

In a previous order, we concluded that Williams' notice of appeal as to the district court's denial of habeas relief was untimely because his motion for reconsideration did not toll the limited period in which he had to appeal the underlying habeas judgment. Order, No. 06-16115, Dec. 21, 2006. Thus, we have

appellate jurisdiction to consider only the order denying Williams' post-judgment motion, which we construed as a motion pursuant to Federal Rule of Civil Procedure 60(b). Id.

As to the denial of his Rule 60(b) motion, Williams contends that the district court abused its discretion. Specifically, he argues that the court improperly denied reconsideration of its ruling regarding three alleged Brady[1] violations. Williams also contends that the district court abused its discretion by refusing to consider newly-discovered evidence—excerpts from a documentary that include statements made by the state's trial expert—which Williams argues undermines the credibility of scientific evidence presented at his trial. Furthermore, Williams challenges the denial of his motion to reconsider the admission of other crimes evidence at trial. Finally, Williams argues that the district court abused its discretion procedurally by refusing to reconsider its denial of his § 2254 petition in light of his claim that he was never afforded an adequate opportunity to brief the issues that he raised.

## I.

Federal courts are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). As a threshold matter, therefore, we must initially determine both

_____

[1] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

whether the district court had subject matter jurisdiction to consider Williams' Rule 60(b) motion and whether this Court has jurisdiction to review the district court's denial of his motion. We review de novo questions concerning jurisdiction. Brooks v. Ashcroft, 283 F.3d 1268, 1278 (11th Cir. 2002).

Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case. See Fed. R. Civ. P. 60. The Supreme Court explained in Gonzalez v. Crosby, 545 U.S. 534, 125 S. Ct. 2641 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions," id. at 529, 125 S. Ct. at 2646 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death Penalty Act does not explicitly limit the operation of Rule 60(b). Id. The Act does, nonetheless, foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA. Id. at 529–30, 125 S. Ct. at 2646.

The Supreme Court held in Gonzalez that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532, 125 S. Ct. at 2648. Where, however, a Rule

4

60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. Id. A "claim," as described by the Court in Gonzalez, is "an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530, 125 S. Ct. at 2647. The Supreme Court further explained in Gonzalez that:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist a grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

Id. at 532 n.4, 125 S. Ct. at 2648.

When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in Gonzalez, it must comply with the requirements for such petitions under the AEDPA. See 29 U.S.C. § 2244. The AEDPA imposes three basic requirements on successive habeas petitions. First, "any claim that has already been adjudicated in a previous petition must be dismissed." Gonzalez, 545 U.S. at 529–30, 125 S. Ct. at 2646; see also 29 U.S.C. § 2244(b)(1). Second, any new claim that was not already adjudicated must be dismissed unless it relies on "a

5

new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez, 545 U.S. at 530, 125 S. Ct. at 2646; see also 28 U.S.C. § 2244(b)(2). Finally, before a district court can accept a successive habeas petition, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez, 545 U.S. at 530, 125 S. Ct. at 2646; see also 28 U.S.C. § 2244(b)(3).

Furthermore, subsequent to the Supreme Court's decision in Gonzalez, we have confirmed that "[i]t is still the law of this circuit that a 'certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'" Jackson v. Crosby, 437 F.3d 1290, 1294–95 (11th Cir. 2006) (quoting Gonzalez v. Sec'y, Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004)). Where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, however, it also lacks jurisdiction to grant a COA. See Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1317 (11th Cir. 2004) (per curiam) (vacating a COA granted by the district court, which lacked subject matter jurisdiction over the prisoner's Rule 60(b) motion).

## II.

After reviewing the record and considering the parties' briefs, we conclude that we cannot reach the merits of the questions raised by Williams. His first three grounds of appeal involve the district court's denial of his Rule 60(b) motion relating to the alleged <u>Brady</u> violations, the trial court's admission of other crimes evidence, and allegedly newly-discovered evidence. Those are all merits related claims that are, in substance, part of a successive petition as defined in <u>Gonzalez</u>. In denying Williams' habeas petition, the district court considered all of these issues and after careful review, rejected each of them.

Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. <u>See</u> 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims. <u>See</u> <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). Accordingly, as to Williams' first three issues on appeal, we vacate the COA and remand to the district court with instructions to dismiss them for a lack of jurisdiction.

Williams' final ground of appeal, however, does not fall within the <u>Gonzalez</u> Court's definition of a successive habeas petition. By contending that the district

7

court should have permitted further briefing, Williams "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532, 125 S. Ct. at 2648. Because this briefing issue is confined to a nonmerits aspect of the proceedings, Williams could properly raise it as part of his Rule 60(b) motion. See id. at 532, 125 S. Ct. at 2648. As a result, the district court did have jurisdiction to consider this claim and, therefore, also had the authority to issue a COA. The problem, however, is that the district court did not grant a COA with respect to the briefing issue. Nor would we. Because we confirmed in Jackson that it is still the law of this circuit that a COA is required to appeal any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 proceeding, Jackson, 437 F.3d at 1294–95, we lack appellate jurisdiction to consider Williams' briefing claim and, therefore, dismiss his appeal to that extent.

Insofar as Williams contends that his Rule 60(b) motion should have been granted because the district court violated his procedural rights by not allowing him further briefing, this appeal is **DISMISSED**. Insofar as Williams's other contentions concerning the denial of his Rule 60(b) motion are concerned, the district court's judgment denying the motion is **VACATED**, and the case is

8

**REMANDED** to the district court with instructions to dismiss the Rule 60(b)

motion for lack of jurisdiction.