[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 14, 2008
THOMAS K. KAHN
CLERK

No. 07-13547
Non-Argument Calendar

_____

D. C. Docket No. 06-00185-CV-RV-MD

JOSE I. MACIA,

                                                      Plaintiff-Appellant,

versus

U.S. MARSHALS SERVICE,

                                                      Defendant,

UNITED STATES OF AMERICA,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 14, 2008)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose I. Macia ("Macia"), a federal prisoner proceeding pro se, appeals from the district court's denial of his post-judgment motion for reconsideration of an order dismissing his case, or, alternatively, granting summary judgment for the United States Marshals Service (the "Marshals") on his claim under the Federal Tort Claims Act ("FTCA"),  28 U.S.C. §§ 1346(b), 2671-2680.  Macia argues that the district court erred in denying his motion for reconsideration of its grant of summary judgment in favor of the government.  The district court found that it lacked subject matter jurisdiction over Macia's complaint because the detention of goods exception to the FTCA provided sovereign immunity to the government.[1] Upon review of the parties' briefs and the record, we find no reversible error, and we AFFIRM.

## I.  BACKGROUND

In September 2005, Jose Macia filed a pro se complaint alleging that the Marshals violated his rights under the FTCA.  Macia claimed that the Marshals

---

[1] Even though the court's order purported to dismiss the case for lack of subject matter jurisdiction through a grant of summary judgment to the government, we construe that order as a dismissal under Federal Rule of Civil Procedure 12(b)(1).  See Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1182 (11th Cir. 2007) ("We have repeatedly said that when a district court disposes of a case on justiciability (mootness) grounds we will treat the district court's determination as if it was ruling on a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1), even if the district court mistakenly has labeled its ruling a grant of summary judgment.").

failed to evacuate him from a county jail[2] prior to Hurricane Ivan's landfall on the Florida gulf coast on 15 September 2004. During the post-hurricane evacuation of the jail on 17 September 2004, Macia alleged that the Marshals did not allow him to take any of his personal property. He argued that the Marshals were therefore liable under the FTCA for the loss of his property caused by the damage to the jail.

According to Macia, the Marshals advised him to file a claim for the loss of his personal property, but then they refused to act on his claim or to respond to his correspondence. In Macia's opinion, the Marshals "decided to lose or abandon [his] personal property at will." R1-20, Exh. Fold. 1, Attachment, Complaint at ¶ 4. Macia attached to his complaint: (1) a copy of the claim that he filed for the loss of his personal property; (2) a copy of a response from the Bureau of Prisons indicating that his claim was not properly filed with that office and was being referred to the Marshals for final determination and disposition; and (3) copies of letters that he sent to the Marshals requesting a response to his claim and, in some cases, threatening litigation if the Marshals did not respond promptly. He sought $500 in compensatory damages and interest, and punitive damages in an amount to be determined by the court.

---

[2] Macia asserted that he was in federal custody awaiting sentencing at the time Hurricane Ivan made landfall, but was being housed in a Florida county jail. R1-20, Exh. Fold. 1, Attachment, Complaint at ¶ 1.

3

In May 2006, a magistrate judge entered an order directing the government to respond to Macia's complaint and include sworn statements of all persons having knowledge and relevant information regarding the subject matter of the complaint and copies of any written reports prepared as a result of investigation of Macia's allegations. The court prohibited Macia from replying to the government's special report unless directed to do so by the court, but noted that, "at some point in the future upon notice of the court," the government's response could be deemed a motion for summary judgment and, therefore, it "shall include any other Rule 56 materials that the [government] wishes the court to consider." R1-26, Exh. Fold. 1, at ¶ 2, 4.

In the special report, the government denied liability and argued that the district court lacked subject matter jurisdiction over Macia's complaint. While acknowledging that the FTCA generally waived sovereign immunity for money damages caused by the negligent or wrongful act or omission of any employee of the United States acting within the scope of his or her employment, the government maintained that two exceptions to the FTCA applied in this case to preclude the district court from exercising subject matter jurisdiction over Macia's present lawsuit – (1) the discretionary function exception set forth at 28 U.S.C. § 2680(a),

4

and (2) the detention of goods exception set forth at 28 U.S.C. § 2680(c)[3].

The government alternatively argued that Macia's claims failed because: (1) he could not demonstrate a prima facie case of negligence; (2) it could not be held liable for an act of God; and (3) it could not be held liable for the acts or omissions of the county jail employees due to their status as independent contractors. The government provided declarations from three deputy marshals indicating that employees at the Santa Rosa County Jail had assured them that the jail had been constructed to withstand winds in excess of 150 miles per hour. According to the declarations, the Marshals weighed the risks of moving the prisoners, staffing needs, inconvenience to the prisoners, disruption of court calendars, relocation expenses, and the assurances from the jail officials, against the risks associated with leaving the prisoners at the jail. The Marshals concluded that relocating the prisoners was both unnecessary and counterproductive. The government also submitted a contract between the Marshals and Santa Rosa County, Florida, for the housing, safekeeping, and subsistence of federal prisoners, and copies of the

---

[3] The government indicated that it was responding "as if the special report were a motion for summary judgment." R1-35, Exh. Fold. 1, at 2. The government also requested that the district court modify the caption of the lawsuit, pursuant to pursuant to Federal Rule of Civil Procedure 17(a), to reflect that the real party in interest was the United States of America, not the Marshals, since federal agencies could not be sued for monetary damages unless Congress explicitly or implicitly denominated the agency as amenable to such suit. Id. The magistrate judge found that the government was the only proper defendant in this case, R1-48, Exh. Fold. 1, at 3, but the case caption was not amended.

Marshals' detention policies.

Shortly thereafter, the court notified Macia that he had thirty days in which to respond and reiterated that, because the government's report could be considered a summary judgment motion, Macia had the burden of filing affidavits and other materials if he wished to properly oppose the government's report. The court warned Macia that failure to do so could result in an adverse ruling. Macia responded that the government's special report failed to comply with the magistrate judge's May 2006 order because it provided false, self-serving, and contradictory declarations from the Marshals, instead of discussing the facts of the case, and it failed to disclose certain letters and reports "under the guise of an attorney-client privilege." R1-39, Exh. Fold. 1, at 2. Macia also pointed out that the government contacted the Santa Rosa County Sheriff's Office and the Bureau of Prisons, but failed to mention these discussions in its special report and to submit relevant documentation. Macia also attached two "referral of responsibility" letters, which Macia attached to his response. Id. at 3. Macia maintained that he established that the Marshals had a duty to meet certain standards of conduct, as demonstrated by the Marshals' Directives, Rules, and Regulations, that the Marshals breached this duty, and that he was injured as a

result.[4]  While Macia did mention the "discretionary function and elements to maintain a negligence claim," he did not address whether the discretionary function or detention of goods exceptions to the FTCA applied and deprived the district court of subject matter jurisdiction over his complaint.  R1-39, Exh. Fold. 1, at 11.

Macia attached a personal affidavit to his response attesting that he was not allowed to transport personal property during the evacuation, and he did not observe any other inmates being allowed to carry their personal property, including legal documents.  He also swore that the Marshals did not file a record of inventory form or other prison forms, and he personally observed other inmates deliver tort claims to the Bureau of Prisons and discuss their claims with prison officials during a town hall meeting.  Macia also filed a letter from the Marshals, which stated that all of his non-contraband property would be returned after the conclusion of his criminal proceedings.  He attached a seized property and evidence control form indicating that the Marshals seized some of his clothing, a brush, gloves, boots, a laundry bag, running shoes, razor blades, paper bags, an

_____

[4] Macia also clarified that his complaint only raised one negligence claim under the FTCA – that the Marshals acted negligently in ordering him not to pack or transport his personal property during the evacuation of the jail following the hurricane, in direct violation of internal directives.  Macia maintained that the tort would have been prevented if the internal directives were followed.  Accordingly, to the extent that Macia's complaint could have been construed liberally to raise an additional claim that the Marshals were negligent failing to remove him from the jail prior to the landfall of Hurricane Ivan, and that he was forced to endure the destruction of the jail by the storm and to suffer inhumane conditions as a result, Macia abandoned such a claim.

address book, cable modem, data cable, walkman, batteries, cell phones and equipment, and money. Finally, Macia also submitted a copy of the Marshals' Directives, which indicated that inmates were allowed to possess legal papers, and if any "unallowable prisoner property" could not be given to the arresting agent, then the Marshals could dispose of the property by mailing it to the prisoner's next of kin or placing it in a storage unit at the prisoner's expense. Id. at Exh. 7. A second provision stated that all property in the possession of a prisoner at the time of his or her remand to the Marshals should be inventoried.

The magistrate judge then notified Macia that the government's report would be considered a motion for summary judgment, and he gave Macia an additional thirty days to respond. The magistrate judge also warned Macia that summary judgment could be entered for the government if he failed to properly oppose the motion. Macia then supplemented his response, rearguing many of the issues he previously raised, but he did not submit any additional evidentiary materials. On 22 January 2007, the magistrate judge entered a report recommending that the government's motion for summary judgment "be GRANTED, and th[e] case be dismissed for lack of jurisdiction under the detention of goods exception to the FTCA, or in the alternative that [the] motion for summary judgment be granted based on [Macia's] failure to make out a prima facie

8

case." R1-48, Exh. Fold. 1, at 13. The magistrate judge concluded that the Supreme Court construed the detention of goods exception to the FTCA to apply to "any claim arising out of the detention of the goods, including a claim resulting from negligent handling or storage of detained property." Id. at 8. The magistrate judge then found that the detention of goods exception applied in this case, and Macia's claim should be dismissed for lack of jurisdiction since, "[t]aking the facts in the light most favorable to [Macia], [] his property was under custodial control of the U.S. Marshals and [] it was lost or destroyed due to the Marshals' refusal to allow him to take the property with him during the evacuation." Id. at 9-10.

In the alternative, the magistrate judge concluded that Macia failed to offer any proof concerning the element of causation, since "nowhere [did] he allege that he actually had the legal papers or the glasses in his possession, or available to him, when the evacuation took place." Id. at 12. According to the magistrate judge, Macia failed to show "that the missing items survived [Hurricane] Ivan's assault on the jail such that he could have taken them with him, but for the Marshals' actions." Id. The magistrate judge also recommended denying Macia's motion to show cause, reasoning that Macia appeared to misapprehend his instructions in the May 2006 order, and explaining that the government was required only to conduct an investigation reasonably necessary to defend itself in

9

the action, and Macia failed to carry his burden of proof as the plaintiff.

On 29 January 2007, while the magistrate judge's recommendation was pending before the district court, Macia filed a premature, self-styled "notice of appeal" designating for review the magistrate judge's January 2007 report. R1-50, Exh. Fold. 1. The district court construed Macia's notice of appeal as an objection to the magistrate judge's report. In an order entered on 23 February 2007, the district court adopted the magistrate judge's report, and dismissed the case "for lack of jurisdiction under the detention of goods exception to the FTCA" and, in the alternative, granted summary judgment to the government "based on [Macia's] failure to make out a prima facie case." Doc. 51, Exh. Fold. 1. The district court also entered a separate written judgment to this effect, and it refiled Macia's earlier notice of appeal the same day.

We docketed Macia's initial appeal but dismissed it <u>sua</u> <u>sponte</u>, holding that we did not have appellate jurisdiction because the only document identified by Macia in his notice of appeal – the magistrate judge's report – was not a final order. Macia never filed a timely notice of appeal from the district court's 26 February 2007 order. Rather, the only document filed by Macia within sixty calendar days from entry of the final order, other than the earlier notice of appeal that was deemed to be untimely filed by this Court, was a letter to district court

10

clerk, advising that he had not received any communication from the court regarding his previously filed notice of appeal, and asking for advice "on how to proceed with this matter." R1-56, Exh. Fold. 1.

In June 2007, Macia filed a belated objection to the magistrate judge's January 2007 report. The district court construed the objection as a post-judgment motion for reconsideration, and, in an order dated 17 July 2007, denied it because Macia did not raise any new grounds or arguments. R1-65 at 3. The district court stated that "[t]he previous order adopting the Report and Recommendation [was] hereby confirmed." Id. Macia filed a notice of appeal and indicated that he was appealing from the district court's 17 July 2007 order. R1-67.

## II. DISCUSSION

We review the district court's order for abuse of discretion. Willard v. Fairfield S. Co., 472 F.3d 817, 821 (11th Cir. 2006) ("This court reviews the district court's order on a Rule 60(b) motion for abuse of discretion."). Although both parties treat Macia's notice of appeal as appealing from the underlying order dismissing his complaint, or, alternatively, granting summary judgment for the government, we note that the only district court order timely appealed from was the order denying Macia's motion for reconsideration under Rule 60(b). Therefore, our jurisdiction is limited to reviewing the merits of this order denying

11

reconsideration. See Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation and citation omitted). Pleadings filed by pro se litigants are entitled to a liberal construction. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). Nevertheless, courts should not act "as de facto counsel" for a pro se litigant or "re-write an otherwise deficient pleading to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Indeed, where a pro se litigant fails to challenge an issue on appeal, that issue will be deemed abandoned, notwithstanding the litigant's pro se status. Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (per curiam). We will not consider issues raised for the first time in an appellant's reply brief. Al-Amin v. Smith, 511 F.3d 1317, 1336 n.38 (11th Cir. 2008).

Macia argues that the district court erred in not requiring the government to comply with the magistrate judge's May 2006 order requiring the government to ascertain the facts and circumstances surrounding the case, and to submit sworn statements from all persons having knowledge and relevant information regarding the subject matter of the complaint, as well as any reports prepared as a result of investigation into his claims. He also asserts that he was deprived of due process

12

because he was not able to prove his claim because the government did not comply with this order. The government responds that Macia failed to challenge the district court's refusal to reconsider its holding that Macia's complaint was due to be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The district court found that the detention of goods exception to the FTCA applied and shielded the government from any liability, so the court lacked subject matter jurisdiction over Macia's complaint. In his briefs on appeal, Macia never mentions or objects to the district court's finding that it lacked subject matter jurisdiction under the detention of goods exception to the FTCA, nor does he object to the district court's refusal to reconsider the merits of this finding.

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error. We conclude that Macia has abandoned any claim that the district court abused its discretion in refusing to reconsider whether his complaint was due to be dismissed for lack of subject matter jurisdiction under the detention of good exception to the FTCA. Macia does not expressly mention the court's denial of his reconsideration motion, or the detention of goods exception, the doctrine of sovereign immunity, or the FTCA, itself, in the statement of the issues, the argument, or the conclusion sections of his pro se appellate brief, Further, his appellate brief, even liberally construed, does not raise a challenge to

13

that part of the district court's order.  To the extent that Macia's single statement in his reply brief that the district court's "dismissal of the instant litigation as frivolous was incorrect" can be construed liberally as an objection to the court's refusal to reconsider the merits of its finding that the detention of goods exception to the FTCA applied, we decline to consider issues raised for the first time in a reply brief.

Accordingly, because Macia has abandoned any challenge to the district court's decision not to reconsider its holding that it lacked subject matter jurisdiction over Macia's complaint, we affirm the district court's denial of his motion for reconsideration.[5]  Because we affirm the district court on this ground, we do not address the merits of the district court's decision to deny reconsideration of its alternative grant of summary judgment to the government on the merits.  See, e.g., United States v. Bass, 551 F.2d 962, 963 (5th Cir. 1977) ("As we affirm the district court's first finding, we need not consider the alternative holdings.").

---

[5] Even if Macia had not abandoned this claim, we would be forced to find that the district court acted within its discretion in denying reconsideration of its earlier finding that dismissal was appropriate.  Taking the allegations of Macia's complaint as true, the detention of goods exception to the FTCA would apply to shield the Marshals from suit for monetary damages, since Macia's claim for damages arose from the Marshals's detention of his personal property.  Schlaebitz v. U.S. Dep't of Justice, 924 F.2d 193, 194-95 (11th Cir. 1991) (per curiam) (concluding that U.S. Marshals are considered "other law enforcement officer[s]" for purposes of the detention of goods exemption to the FTCA).

14

## III. CONCLUSION

Macia appeals from the district court's denial of his post-judgment motion for reconsideration of an earlier order dismissing his case, or, alternatively, granting summary judgment for the Marshals on his claim under the FTCA. On appeal, Macia abandoned any challenge to the district court's refusal to reconsider whether his complaint was due to be dismissed for lack of subject matter jurisdiction based on the detention of goods exception to the FCTA. Accordingly, we affirm the district court's denial of Macia's motion for reconsideration.

**AFFIRMED.**