[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2009
THOMAS K. KAHN
CLERK

No. 08-14482
Non-Argument Calendar

_____

D. C. Docket No. 99-00186-CR-5-CC-1

JOHNNY TORRES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 24, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Federal prisoner Johnny Torres, proceeding pro se, appeals the district

court's denial of his motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b)(5) or (6). The district court found that Torres' Rule 60(b) motion was an impermissibly successive 28 U.S.C. § 2255 motion to vacate pursuant to Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005). The court also deemed the motion untimely because it was filed twenty-two months after Torres' § 2255 motion was denied. Torres argues that because the court did not address during his § 2255 proceedings his argument that two probation-related criminal history points should have been eliminated when the court corrected his sentence, his Rule 60(b) motion reasserting that argument was not a successive attack on the court's previous resolution of the issue. He also argues that his motion was not untimely because extended court proceedings justified any delay.

We review de novo whether a district court has subject matter jurisdiction to consider a Rule 60(b) motion. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(5), (6).

2

In Gonzalez, the Supreme Court held that a Rule 60(b) motion may be treated as a successive § 2254 habeas petition when it seeks to add a new ground for relief or attacks a federal court's previous resolution of a claim on the merits. 545 U.S. at 532, 125 S. Ct. at 2648; see also Gonzalez v. Sec'y Dep't of Corr., 366 F.3d 1253, 1262 (11th Cir. 2004) ("In the context of certificates of appealability and Rule 60(b) motions, we apply 28 U.S.C. § 2254 and § 2255 cases interchangeably."). A Rule 60(b) motion is not a successive habeas petition, however, if it attacks only "some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532, 125 S. Ct. at 2648. A Rule 60(b) motion that qualifies as a second or successive habeas petition must comply with the three requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA). Williams, 510 F.3d at 1294.

> Under AEDPA,
>
> any claim that has already been adjudicated in a previous petition must be dismissed. Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

Gonzalez, 545 U.S. at 529–30, 125 S. Ct. 2646 (citations omitted). When a Rule

3

60(b) motion is treated as a successive habeas petition, then, a defendant must ask us for an order authorizing the district court to consider it. Williams, 510 F.3d at 1295. Without that authorization, the district court lacks subject matter jurisdiction. Id.

Torres first raised his probation-related criminal history point argument in his reply to the government's response to his § 2255 motion. And contrary to Torres' assertion to us now, the district court did address it: The court specifically noted that it had considered Torres' reply and had weighed "the merits and demerits" of the parties' positions in finding for the government. Torres' Rule 60(b) motion did not attack "some defect in the integrity" of his § 2255 proceeding, Gonzalez, 545 U.S. at 532, 125 S. Ct. at 2648, but simply reasserted the same argument he had offered in his § 2255 reply. Torres' Rule 60(b) motion was thus a successive motion to vacate. Because we did not authorize the district court to consider Torres' successive motion, that court lacked jurisdiction to decide it.[1] Accordingly, we vacate the district court's order denying Torres' Rule 60(b) motion and remand with instructions to dismiss the motion for lack of jurisdiction.

**VACATED and REMANDED.**

---

[1] We do not decide whether Torres' Rule 60(b) motion was timely filed because, even if it was, it would still be an impermissible successive motion to vacate and the district court would not have been authorized to hear it.