[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 9, 2010
JOHN LEY
CLERK

No. 09-13718
Non-Argument Calendar

_____

D. C. Docket No. 94-00262-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2010)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Walter Hernandez, Sr., a pro se federal prisoner, appeals the district court's

decision denying his "Motion Requesting to Tape Conversation." Hernandez contends that he is innocent and is serving a life sentence for a crime that he did not commit. His motion asked the district court "for permission to tape-record [the] conversation of a suspicious person who committed a crime in [his] case."

Hernandez and other members of his family were convicted of "charges related to the 1989 murder-for-hire of the night watchman at their family business' warehouse, the burning of that warehouse, and the ensuing fraud on the warehouse's insurer." United States v. Hernandez, 141 F.3d 1042, 1044 (11th Cir. 1998). Hernandez filed a direct appeal, and this Court affirmed his conviction. Id. at 1045. After that, Hernandez filed a motion to vacate his sentence under 28 U.S.C. § 2255, challenging his sentence on various constitutional grounds, and that motion was denied.

"[T]o file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Id. We "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (quotation

marks omitted).

To determine whether a <u>pro se</u> motion is actually a second or successive § 2255 motion, we examine the content of the filing and the relief sought, not the label placed on the motion. <u>See</u> <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that a <u>pro se</u> motion for a writ of <u>audita</u> <u>querela</u> was actually a § 2255 motion). If the movant collaterally attacks his sentence as being unconstitutional, we construe it as a § 2255 petition. <u>See</u> <u>id.</u>

The district court did not construe Hernandez's motion as an unauthorized successive § 2255 petition, and Hernandez did not style his motion as one seeking § 2255 relief. Even so, the substance of his arguments amounts to a collateral attack on the constitutionality of his sentence. His initial brief to this Court does not even mention his motion to tape conversation. Instead, he argues that he "has been accused, convicted, and sentenced to prison for a crime he did not commit," and he asks this Court to "give him the relief that is entitled." Because Hernandez's motion is an unauthorized successive § 2255 petition, we reverse and remand with instructions that the district court dismiss the motion for lack of subject matter jurisdiction.

**REVERSED and REMANDED.**

3