[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13402
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:96-cr-00308-EAK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE EDWIN FLORENCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 25, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

George Edwin Florence, a federal prisoner, appeals pro se the district court's

denial of his motion for miscellaneous relief seeking leave to attack his 1997

convictions collaterally. Florence's unlabeled, pro se pleading, which we liberally construe as a motion seeking permission to challenge his convictions (consistent with the district court's prior order requiring him to seek such leave), was denied by the district court on the ground that, contrary to Florence's assertion, United States v. O'Brien, 560 U.S. __, 130 S.Ct. 2169 (2010), did not apply to his case. On appeal, Florence argues that the district court erred in denying him leave to challenge his convictions because his indictment was unconstitutionally defective for failing to specify the type of gun, violating his due process rights, and the government's failure to prove the type of gun to the jury at trial resulted in insufficient evidence to support his convictions.[1] After thorough review, we affirm.

We review orders relating to a district court's injunction on pro se filings for abuse of discretion. See Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008).

Three principles govern this appeal. First, a claim is frivolous if it "lacks an arguable basis either in law or in fact." Id. at 1100. Second, when a prisoner has previously filed a 28 U.S.C. § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a second or successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent such authorization, the district

---

[1] Florence also appears to raise an ineffective-assistance-of-counsel challenge, but this issue was not raised before the district court, and we therefore will not consider it. Dohrmann v. United States, 442 F.3d 1279, 1282 (11th Cir. 2006).

court lacks subject-matter jurisdiction to consider any claims in the motion or issue a certificate of appealability with respect to them. See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007).

Lastly, a prisoner may alternatively bring an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention" under the "savings clause" of § 2255. See 28 U.S.C. § 2255(e); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The savings clause applies only if a petitioner demonstrates that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at his trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The district court will not review a claim filed under § 2241 until the petitioner shows that the savings clause applies. See id. at 1244 n.3.

Here, Florence has not demonstrated that he merited the district court's permission. Indeed, the record does not reflect that he was sentenced based on the type of gun he used in the robbery, and his claims were therefore frivolous. Moreover, even if his claims had a sufficient factual basis, neither § 2255 nor § 2241 gave the district court jurisdiction to consider their merits because it would have been

3

an unauthorized successive § 2255 motion, and § 2255(e)'s savings clause did not apply. Accordingly, the district court did not abuse its discretion in denying Florence leave to challenge his convictions.

**AFFIRMED.**