[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11214
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cv-00032-RH-CAS

RAFAEL ALBERTO LLOVERA LINARES,

Petitioner-Appellant,

versus

DEPARTMENT OF HOMELAND SECURITY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 6, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Rafael Linares, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. He argues that: (1) he was entitled to withholding of removal and relief under the United Nations Convention Against Torture ("CAT") based on his well-founded fear of persecution; and (2) he was entitled to release from detention under Zadvydas v. Davis, 533 U.S. 678 (2001), because it was unlikely that the government would be able to effect his deportation in the near future. After thorough review, we vacate and remand.[1]

We review jurisdictional issues de novo. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).

When an alien is ordered removed, the Attorney General is required to remove the alien from the United States within 90 days. 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of either: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and a court orders a stay of removal, the date of the court's final order; or (3) if the alien is detained or confined, the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). In Zadvydas, the Supreme Court held that six months was a presumptively reasonable period of time to allow the government to remove an alien after the removal period commences. 533 U.S. at 701. After

---

[1]    Nevertheless, because Rafael Linares did not file his motion for a preliminary injunction first in the district court, the motion for a preliminary injunction he filed in this Court is DENIED without prejudice.

2

this time, once an alien shows that "there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut that showing. Id. If removal is not reasonably foreseeable, the continued detention is unreasonable. Id. at 699. The Supreme Court further held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." Id. at 688.

However, after Zadvydas, Congress passed the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, which limits aliens' ability to seek relief through § 2241. In particular, the Immigration and Nationality Act ("INA") now provides that the filing of a petition for review in the court of appeals, is "the sole and exclusive means for judicial review of an order of removal" and "for judicial review of any cause or claim" under CAT. 8 U.S.C. § 1252(a)(5); 8 U.S.C. § 1252(a)(4). Furthermore, the INA provides that no court shall have jurisdiction under § 2241 to review questions of law or fact "arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). In Madu v. U.S. Att'y Gen., we held that an assertion by a petitioner that he was not subject to a removal order was distinct from a challenge to an order of removal, and therefore, the Real ID Act did not apply, and the district court was not divested of jurisdiction. 470 F.3d 1362, 1363, 1368 (11th Cir. 2006).

3

As for Linares's claim challenging his order of removal, a petition for review is the sole means for judicial review, and it was proper for the district court to dismiss this claim for lack of jurisdiction. See 8 U.S.C. § 1252(a)(5); 8 U.S.C. § 1252(a)(4); 8 U.S.C. § 1252(b)(9). However, Linares brought a second, distinct claim, in which he argued that he was entitled to release based on violation of his due process rights by continued detention. Linares's claim regarding continued detention appears to be independent from his challenge to his removal. Prior to the REAL ID Act, this kind of claim could be brought under § 2241. Zadvydas, 533 U.S. at 688. Like the petitioner in Madu, whose challenge regarding whether he was subject to an order of removal was deemed distinct from a challenge to his order of removal, Linares's challenge to his continued detention is similarly distinct from a challenge to his removal order. See 470 F.3d at 1363, 1368. Because Linares is not challenging his removal order, the Real ID Act would not apply, and his claim can still be brought under § 2241. See id. Therefore, the district court would have jurisdiction over the claim.

Accordingly, we vacate and remand for the district court to determine whether Linares is entitled to relief under § 2241 based on his continued detention. The district court should consider in the first instance when Linares's removal order became administratively final, how long Linares has been detained, and whether his continued detention is unreasonable under Zadvydas.

4

**VACATED AND REMANDED.**