[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12886
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20530-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 19, 2014)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

On November 30, 2007, the district court, accepting Timothy Edwards's plea of guilty pursuant to a plea agreement, sentenced Edwards as a career offender[1] to a prison term of 151 months for conspiring in violation of 21 U.S.C. § 846 to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). We subsequently dismissed his appeal. *United States v. Edwards*, No. 07-15743 (11th Cir. 2008), due to a valid appeal waiver contained in his plea agreement.

In July 2009, Edwards, proceeding *pro se*, moved the district court to vacate his sentence on grounds that the district court erred in sentencing him as a career offender because his 1993 sexual battery conviction and 1994 conviction for resisting an officer with violence did not qualify as crimes of violence, and that his attorney had rendered ineffective assistance, in violation of the Sixth Amendment, in failing to provide the district court at sentencing an adequate basis for granting a downward departure from the Guidelines range. The court denied his motion. He did not appeal the decision.

On March 13, 2012, Edwards, proceeding *pro se*, moved the district court a second time to vacate his sentence on the ground that the court denied him due process of law in sentencing him as a career offender. The court reviewed the two prior convictions used to classify Edwards as a career offender and found that they

---

[1] *See* U.S.S.G. § 4B1.1. Edwards was at least 18 years old and had at least two prior felony convictions of either a crime of violence or a controlled substance offense.

had been properly classified.  The court therefore denied his motion.[2]  He appeals the decision, arguing that under *Johnson v. United States*[3],  his convictions for sexual battery and resisting an officer with violence were no longer qualifying crimes of violence under § 4B1.1.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), generally provides that, if a motion to vacate is "second or successive," it cannot proceed unless authorized by a panel from the appropriate court of appeals, which requires the applicant to make certain showings.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Absent such authorization, the district court lacks jurisdiction to consider any claims in the motion or issue a COA with respect to them, and dismissal is appropriate.  *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

Edwards's March 13, 2012 motion constituted a second motion for § 2255 relief.  Because he failed to obtain leave of this court to filed the motion, the district court lacked the authority to entertain it.

AFFIRMED.

---

[2] The court did not construe Edwards's motion as a motion to vacate under 28 U.S.C. § 2255, but determined that his convictions were still qualifying offenses and denied his motion.

[3] 599 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).