[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17392
Non-Argument Calendar
_____

D.C. Docket No. 9:07-cv-80485-DTKH

RONNIE LEE MCGEE,

Petitioner-Appellant,

versus

THE ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 29, 2017)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


Petitioner Ronnie McGee, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his motion for relief from judgment; a motion filed pursuant to Fed. R. Civ. P. 60(b).  The district court construed Petitioner's motion as an unauthorized second or successive 28 U.S.C. § 2254 habeas petition and dismissed the petition for lack of jurisdiction.  No reversible error has been shown; we affirm.

In 2007, Petitioner filed a section 2254 habeas petition, challenging his state court convictions and life sentences for second degree murder, robbery, and grand theft.  In his petition, Petitioner raised four claims of ineffective assistance of counsel.  The magistrate judge issued a report and recommendation ("R&R"), in which the magistrate judge recommended denying the petition on the merits.

Petitioner filed objections to the R&R.  Briefly stated, Petitioner argued that -- because the magistrate judge misinterpreted his claims -- the magistrate judge failed to address properly all of the claims raised in his section 2254 petition.  After considering Petitioner's objections, the district court adopted the R&R and denied the habeas petition.

2

In 2016, Petitioner filed the Rule 60(b) motion at issue in this appeal. Petitioner argued that the district court misconstrued the claims raised in his 2007 habeas petition and, thus, failed to reach the actual merits of his claims.  Petitioner asserted that the district court's failure to address his claims constituted a defect in his earlier federal habeas proceeding – making review appropriate under Rule 60(b).

The district court construed Petitioner's motion as a successive section 2254 motion.  Because Petitioner had obtained no authorization from this Court to file a successive application, the district court dismissed the petition for lack of jurisdiction.  In the alternative, the district court determined that Petitioner's motion would be subject to denial because Petitioner had failed to demonstrate "extraordinary circumstances" or other grounds justifying relief under Rule 60(b).[*]

We review <u>de novo</u> questions about jurisdiction.  <u>Williams v. Chatman</u>, 510 F.3d 1290, 1293 (11th Cir. 2007).

A Rule 60(b) motion for relief from the denial of a section 2254 petition is considered a successive habeas petition if the motion "seeks to add a new ground for relief" or if it "attacks the federal court's previous resolution of a claim *on the merits*."  <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-32 (2005) (emphasis in original). In contrast, a Rule 60(b) motion is not treated as a successive habeas petition if it

---

[*] Because we conclude that Petitioner's motion was construed properly as a second or successive section 2254 petition, we do not address the district court's alternative ruling.

3

challenges, "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such as fraud on the court. Id. at 532, 532 n.5.

When a Rule 60(b) motion qualifies as a second or successive habeas petition, a state prisoner must first move the court of appeals for an order authorizing the district court to consider such a petition. See 28 U.S.C. § 2244(b)(3)(A). When a prisoner fails to obtain such authorization, the district court lacks jurisdiction to consider the merits of the petition. Williams, 510 F.3d at 1295.

In his Rule 60(b) motion, Petitioner identifies no defect in the integrity of his federal habeas proceedings. Instead, he raises the same arguments he already made in his objections to the R&R: arguments that were considered and rejected by the district court. In essence, Petitioner seeks to challenge the district court's ruling on the merits of the claims raised in his 2007 habeas petition. The district court, thus, construed properly Petitioner's Rule 60(b) motion as a successive section 2254 petition. We affirm the district court's dismissal for lack of jurisdiction.

AFFIRMED.

4