[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13899
Non-Argument Calendar
_____

D.C. Docket Nos. 1:18-cv-21088-DMM; 1:95-cr-00605-PAS-1


FRANCISCO SALDANA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 6, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Francisco Saldana, a federal prisoner proceeding pro se, filed three motions

in district court:  (1) a motion for relief from final judgement under Federal Rule of

Civil Procedure 60, (2) a motion for authorization to file a second or successive 28 U.S.C. § 2255 motion, and (3) a motion to supplement additional claims to his motion for authorization.  The district court dismissed them all as unauthorized second or successive § 2255 motions.  This is Saldana's appeal.

I.

In May of 1996 a jury in the Southern District of Florida convicted Saldana of various drug and firearms counts.  The district court then sentenced him to four concurrent terms of life imprisonment as to four of those counts.  On June 19, 2002, Saldana file a pro se 28 U.S.C. § 2255 motion to vacate his convictions and life sentences.  On January 20, 2005, the district court denied it on the merits.

On November 13, 2017, Saldana filed the Rule 60 motion that is now before us.  That motion sought relief from the district court's final order denying his § 2255 motion.  He also filed the present motion for authorization, asking the district court for authorization to file a new § 2255 motion based on "newly discovered facts."  After the district court referred his two motions to a magistrate judge, he filed his motion to supplement, seeking to add two additional claims to his motion for authorization.  The magistrate judge recommended that the court construe all three of his motions as second or successive § 2255 motions and then dismiss them for lack of jurisdiction because Saldana had not secured the required authorization to file from this Court.  The district court conducted a de novo review

2

of the record, agreed with the magistrate judge's report and recommendation, and dismissed Saldana's motions for lack of jurisdiction.

## II.

We review de novo a district court's dismissal for lack of jurisdiction. Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015).  Whether a motion to vacate is successive is also reviewed de novo.  Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017).

## III.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the proper Court of Appeals for an order authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A).  Section 2244(b)(3)(A) requires the district court to dismiss a successive motion for lack of jurisdiction unless the movant has obtained the required authorization.  Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009).

Rule 60(b) provides, in relevant part, that the court may relieve a party from a final judgment if the judgment is void, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(4), (6).  But "Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."  Am. Bankers Ins. Co. v. Nw. Nat. Ins. Co., 198 F.3d 1332 (11th Cir. 1999).

3

Rule 60 provides a limited basis for a party to seek relief from a final judgment in a habeas case. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). The Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are not inconsistent with applicable federal statutory provisions. Id. AEDPA does not explicitly limit the operation of Rule 60, but it forecloses its application where it would be inconsistent with AEDPA's restrictions on successive motions. Id.

A Rule 60 motion is treated as a successive § 2255 motion if it (1) seeks to add a new ground of habeas relief or (2) attacks the federal court's previous resolution of a claim on the merits. Id. at 1293–94. But if a Rule 60 motion instead attacks some defect in the integrity of the federal habeas proceeding, the motion is a true Rule 60 motion, not a successive § 2255 motion. Id. at 1294. Rule 60 also preserves a petitioner's ability to argue that a judgment is void because the court that entered it lacked subject matter jurisdiction. Gonzalez v. Crosby, 545 U.S. 524, 534 (2005). A Rule 60 motion is not barred if it challenges only the district court's failure to reach the merits of a claim. Id. at 538.

Saldana argues that the district court erred in construing his three motions as successive § 2255 motions. In particular, as to his Rule 60 motion, he argues that it was not a successive § 2255 motion because it attacked defects in the integrity of his original § 2255 proceedings instead of stating a new claim or attacking the

4

original § 2255 decision on the merits.  His Rule 60 motion raised various issues with the original proceedings and included assertions that the district court lacked subject matter jurisdiction over his § 2255 motion because he filed an amended motion, that the court failed to fully and fairly evaluate the merits, that it did not consider all the claims he raised, that it improperly denied his discovery requests, that it erred in imposing mandatory-minimum life sentences under 21 U.S.C. §§ 841 and 851 because he did not have two qualifying prior drug convictions, and that his trial and appellate counsel rendered ineffective assistance of counsel.

To the extent his Rule 60 motion made new claims or attacked the merits of the prior decision, the district court properly dismissed it as an unauthorized § 2255 motion.  See Gonzalez, 545 U.S. at 533.  And his other claims fail because they are questions of law that he could have, but did not, raise on direct appeal. Am. Bankers, 198 F.3d at 1338.  Those claims also fail because he did not file his Rule 60(b) motion until twelve years after the denial of his § 2255 motion, which is not within a "reasonable time," see Fed. R. Civ. P. 60(c), and he sat on his legal rights as to any Rule 60(b)(4) claim that the judgment is void.  See Stansell v. Rev. Armed Forces of Colombia, 771 F.3d 713, 737 (11th Cir. 2014).  As a result we affirm the district court's dismissal of his Rule 60 motion.

The district court also properly dismissed Saldana's motion for authorization and motion to supplement on the grounds they were unauthorized successive

5

§ 2255 motions.  Both motions stated claims seeking relief from Saldana's

convictions and sentences and did not attack a defect in the integrity of his § 2255

proceedings.  See Williams, 510 F.3d at 1294.[1]

**AFFIRMED.**

---

[1] We DENY Saldana's motion to stay his appeal pending the resolution of his motion to reduce his sentence under the First Step Act of 2018, filed in the district court in his criminal proceedings, because the resolution of that motion does not impact the outcome of this appeal. We GRANT his motion to supplement the record on appeal with the magistrate judge's report and recommendation from his 28 U.S.C. § 2255 proceeding.