[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10058

Non-Argument Calendar

————————————————

JOHN O. WILLIAMS,

Petitioner-Appellant,

*versus*

STATE OF FLORIDA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:14-cv-00629-RH-EMT

————————————————

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

John Williams appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2254 habeas petition. After careful review, we affirm.

**I.**

In 2009, Williams was convicted in state court of lewd or lascivious molestation of a child and attempted lewd or lascivious molestation of a child. After unsuccessfully pursuing relief from his convictions in state court, Williams filed his first 28 U.S.C. § 2254 petition in federal court in November 2014, raising claims of ineffective assistance of counsel and other trial errors. The district court denied the § 2254 petition with prejudice, and Williams's appeal of that judgment ended with the denial of a certificate of appealability (COA).

As relevant here, in October 2022, Williams moved for relief from the § 2254 judgment under Federal Rule of Civil Procedure 60(b). He claimed that the judgment should be reopened because the underlying state charges had been improperly joined and his trial, appellate, and post-conviction counsel were ineffective in failing to raise the issue. Previously, in July 2022, we denied Williams's application for leave to file a successive § 2254 petition raising these same grounds.

The district court denied the Rule 60(b) motion. The court found, among other things, that the motion was not filed within a reasonable time from entry of the judgment, that it did not allege any error in the § 2254 proceeding that was cognizable under Rule 60(b), and that it was, in substance, an unauthorized second or successive § 2254 petition.

Williams appealed, but the district court denied a COA. This Court likewise denied a COA to the extent Williams sought to appeal the district court's determination that he could not demonstrate an entitlement to Rule 60(b) relief. Nevertheless, we noted that no COA was necessary for Williams to appeal the denial of his Rule 60(b) motion as an unauthorized successive § 2254 petition. We consider that issue now.

## II.

Although Rule 60(b) generally permits relief from a § 2255 judgment, the rule cannot be used to circumvent restraints on filing successive § 2254 petitions. *Williams v. Chatman*, 510 F.3d 1290, 1292–94 (11th Cir. 2007). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking to file a "second or successive" § 2254 petition must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. *See id.* at 1294; 28 U.S.C. § 2255(h) (outlining the requirements an applicant must meet to obtain an order authorizing a successive § 2255 motion). Without authorization from a court of appeals, the district court lacks jurisdiction to consider a successive motion. *Williams*, 510 F.3d at 1295.

Rule 60(b) does not authorize relief when application of that rule "would be inconsistent with the restrictions imposed on successive petitions by the AEDPA." *Id.* at 1293. A Rule 60(b) motion will be "treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Id.* at 1293–94 (*quoting Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005)). But Rule 60(b) may properly be used to raise a "defect in the integrity of the federal habeas proceedings." *Id.* at 1294 (quotation marks omitted).

Here, the district court properly treated Williams's Rule 60(b) motion as an unauthorized successive § 2254 petition. *See Gonzalez*, 545 U.S. at 532; *Williams*, 510 F.3d at 1293–94. In his Rule 60(b) motion, Williams sought to raise new grounds for habeas relief—that his charges should have been severed for trial and that his attorneys were ineffective for failing to raise that issue. He did not raise any defects in the integrity of the federal § 2254 proceeding that would be cognizable under Rule 60(b), and, in any event, this Court has already denied a COA to appeal on Rule 60(b) grounds. *See Williams*, 510 F.3d at 1294. Because Williams's initial § 2254 petition was denied on the merits and he has not received authorization to bring his new claims in a successive § 2254 petition, having instead been denied authorization to raise similar claims, the district court lacked jurisdiction. *See id.* at 1295. We affirm.

**AFFIRMED.**