[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13997

Non-Argument Calendar

_____

HERMAN MORRIS, JR.,

Petitioner-Appellant,

*versus*

JUDGE WILLIAM C. RUMER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:23-cv-00098-CDL-MSH

_____

Before WILSON, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Herman Morris, Jr., a Georgia prisoner, appeals the District Court's dismissal of his 28 U.S.C. § 2254 petition. The District Court dismissed his petition for lack of jurisdiction, finding it was an unauthorized successive filing. Because Morris has already challenged these convictions in prior petitions and did not obtain this Court's permission to file another, we affirm.

I.

Morris is serving a life sentence for his 1999 convictions in Muscogee County, Georgia, for malice murder, felony murder, possession of a firearm during the commission of a crime, kidnapping, and aggravated assault. In June 2023, Morris filed a *pro se* notice of appeal in the District Court. At the Court's direction, he recast his filing as a habeas petition under 28 U.S.C. § 2254.

In his petition, Morris raised four claims: (1) his 1998 arrest lacked a warrant or probable cause; (2) the prosecution failed to dismiss his case despite an entry of *nolle prosequi*; (3) the Muscogee County Superior Court did not respond to his mandamus filing; and (4) his conviction and imprisonment violated the Constitution because Brady material and DNA evidence prove his innocence.

Morris's challenges are not new. In 2011, Morris first filed a § 2254 petition which attacked his 1999 convictions. That petition

was denied both on the merits and as procedurally defaulted. We denied a certificate of appealability.

In 2016, Morris filed a second § 2254 petition, which was dismissed as successive. Morris appealed, but his appeal was dismissed for failure to pay fees.

Morris then sought our authorization to file a successive petition. We denied his request because he failed to show newly discovered evidence or a new rule of constitutional law applicable to his case.

Morris filed the recast petition at issue here in 2023. The Magistrate Judge in this case recommended dismissal, noting Morris's two prior § 2254 petitions and lack of authorization to file a successive one. The District Court adopted the recommendation and dismissed the petition. Morris now appeals.

## II.

We review de novo whether a habeas petition is second or successive. *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 952 (11th Cir. 2018). A successive § 2254 petition requires authorization from this Court before it can proceed. 28 U.S.C. § 2244(b)(3)(A). Without authorization, the District Court lacks jurisdiction. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

A petition is successive if it challenges the same judgment as a prior § 2254 petition that was resolved on the merits. *Magwood v. Patterson*, 561 U.S. 320, 323–24 (2010). While not every later petition is considered successive—claims that were previously

unavailable may avoid the bar—Morris's claims do not fall into that category. *See Stewart v. United States*, 646 F.3d 856, 859–61 (11th Cir. 2011).

Morris's first § 2254 petition was denied, and his second was dismissed as successive. His current petition again challenges the same 1999 convictions. Nothing in his latest petition suggests new evidence or claims that could not have been raised earlier. Because Morris failed to secure our authorization for a successive petition, the District Court properly dismissed it for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A); *Williams*, 510 F.3d at 1295.

### III.

Morris's petition is successive and unauthorized. The District Court properly dismissed it for lack of jurisdiction. We affirm.

**AFFIRMED.**