[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2010
JOHN LEY
CLERK

No. 09-13062
Non-Argument Calendar

_____

D. C. Docket No. 05-00414-CV-CAR-5

EDWARD PALMORE,

Petitioner-Appellant,

versus

PATRICIA A. HICKS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 18, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Edward Palmore, a Georgia state prisoner serving a 20-year sentence for

cruelty to children, appeals from the magistrate judge's order denying his *pro se* motion to amend his petition under 28 U.S.C. § 2254 by adding two claims for relief. On appeal, Palmore, proceeding *pro se*, argues that the magistrate abused his discretion in denying Palmore's motion to amend because, pursuant to Fed.R.Civ.P. 15(a), he had the right to amend his § 2254 petition as a matter of course before the state filed a response.

For the reasons set forth below, we affirm.

## I.

In October 2005, Palmore, proceeding *pro se*, filed a petition for habeas relief under 28 U.S.C. § 2254 in the district court. Palmore raised the following eight claims: (1) police officers violated his Fourth Amendment rights by conducting a warrantless search of his house; (2) the trial court failed to hold a hearing regarding his motion to suppress; (3) trial counsel was ineffective for failing to pursue his motion to suppress, which previously had been filed on Palmore's behalf by a different attorney; (4) a government witness's testimony included an opinion that infringed upon the jury's province as the fact-finder; (5) a government witness gave perjured testimony; (6) documents needed to impeach a state witness were not available; (7) the trial court permitted Palmore's original trial attorney to withdraw, thus denying his right to counsel; and (8) irrelevant and

2

prejudicial material, which had not been admitted into evidence, was presented to the jury ("claims 1-8").

In December 2005, before the state filed a response, Palmore filed a motion to amend his § 2254 petition, asserting that he wished to add the following two claims: (9) he was denied access to the courts while in county prison because the prison did not have a legal library ("claim 9"); and (10) trial counsel was ineffective because, during his representation of Palmore, counsel was suffering from prostate cancer, and was medicated and in a great deal of pain ("claim 10"). The magistrate judge entered an order denying Palmore's motion to amend, stating that:

> [A] review of [the proposed] amendment reveals that the claims presented are not appropriate for consideration in a habeas corpus petition as [Palmore] alleges violations of his constitutional rights and does not attack his sentence. Therefore, if [Palmore] wishes to pursue said claims he must file a [new] lawsuit pursuant to 42 U.S.C. § 1983.

Thereafter, Patricia Hicks, Warden of the Augusta State Medical Prison, answered Palmore's petition and denied that he was entitled to relief under § 2254. After Hicks filed her answer, along with a supporting brief and exhibits, Palmore submitted a brief in support of his § 2254 petition. In this brief, Palmore provided details concerning the claims that he initially raised in his § 2254 petition. He did not object to or otherwise address the magistrate's order denying his motion to

3

amend.  Palmore also filed objections to Hicks's answer, in which he further discussed the merits of two of the eight claims that he raised in his initial § 2254 petition.  Again, Palmore did not object to or address the magistrate's denial of his motion to amend.

The magistrate judge entered a report and recommendation, recommending that the court deny Palmore's § 2254 petition.  Palmore filed objections to the report and recommendation, in which he did not argue that the magistrate erred by denying his motion to amend.  In addition, Palmore also filed a motion for reconsideration, in which he asked that the court reconsider a previous order denying his request for an evidentiary hearing as to his Fourth Amendment claims (claims 1 and 2), as well as his claims that he was denied counsel and did not have access to impeachment material (claims 6 and 7).  In this motion, as in his other pleadings, Palmore's did not address the magistrate's order denying his motion to amend.

The district court entered an order adopting the magistrate's report and recommendation, and denying relief under § 2254.  We subsequently granted a COA as to the following issue: "Whether the district court erred by failing to grant [Palmore's] motion to amend his habeas petition, brought pursuant to 28 U.S.C. § 2254."

**II.**

Appellate review is limited to the issue or issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998); *see* 28 U.S.C. § 2253(c)(3). Procedural issues that must be resolved before we can address the underlying claim specified in the COA are presumed to be encompassed in the COA. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

Under Fed.R.Civ.P. 72(a), where a magistrate judge enters a non-dispositive pretrial ruling, a party must object to the ruling within a specified time period, and "may not assign as error a defect in the order not timely objected to." Fed.R.Civ.P. 72(a); *see Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (noting that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are not inconsistent with the statutes that govern habeas proceedings). An order disposing of a motion to amend is a non-dispositive pretrial ruling. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a magistrate judge may determine any pretrial matter except for those specifically enumerated in the statute); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 & n.6 (7th Cir. 2009) (noting that, for purposes of Fed.R.Civ.P. 72(a) a motion to amend is a non-dispositive pretrial matter); *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (same); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir.

1998) (same); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) (same). Where a party failed to object to a magistrate's ruling regarding a non-dispositive pretrial matter, the party has forfeited his right to challenge the ruling on appeal. *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007); *see also Farrow v. West*, 320 F.3d 1235, 1249 n.21 (11th Cir. 2003) (applying this rule in the context of reviewing pleadings filed by a *pro se* litigant).

Here, because the issue of whether Palmore forfeited his right to appeal from the magistrate's denial of his motion to amend is a procedural issue that must be resolved before we reach the underlying question of whether the magistrate abused its discretion by denying the motion, we construe the COA to include this issue. Because a magistrate's disposition of a motion to amend constitutes a non-dispositive pretrial ruling, Palmore was required to object to the magistrate's denial of his motion to amend to preserve this argument for appeal. Palmore failed to object to the magistrate's order and, as result, he forfeited his right to raise this issue on appeal. Accordingly, we affirm.

**AFFIRMED.**