[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12947
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:92-cr-00679-FAM-6

USA,

Plaintiff - Appellee,

versus

HORACE EDWARD LOCKHART,
a.k.a. Clint,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 20, 2011)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Horace Edward Lockhart appeals the district court's denial of his motion for

relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Lockhart contends the district court erred in determining that it lacked jurisdiction, and he recounts the three issues raised in his motion: that the indictment was defective, that the indictment was impermissibly amended, and that the jury was improperly instructed on the issue of lesser included offenses.

We review jurisdictional questions *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). Where, in a purported Rule 60(b) motion, a defendant challenges the validity of his conviction by seeking to add a new ground for relief or attacking the previous resolution of a claim on the merits, the motion is properly construed as a successive habeas petition. *Id.* at 1293–94 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005)). Absent an order from this Court authorizing consideration of a successive habeas petition, the district court lacks subject matter jurisdiction as to that petition. *Id.* at 1295; *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (the district court lacks jurisdiction to consider a second or successive § 2255 petition without our prior authorization, even if the petition is labeled a Rule 60(b) motion).

Because Lockhart's Rule 60(b) motion asserts three bases for relief from the state court's judgment of conviction, and because it does not allege any error in his

earlier § 2255 proceedings, the motion is properly construed as a successive habeas petition. *See Williams*, 510 F.3d at 1293–94. Lockhart did not obtain authorization from this Court that would give the district court jurisdiction to consider a successive habeas petition; therefore, the district court properly denied Lockhart's Rule 60(b) motion for lack of jurisdiction.

**AFFIRMED.**