[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14485
Non-Argument Calendar
_____

D.C. Docket No. 1:92-cr-00679-FAM-6

HORACE EDWARD LOCKHART,
a.k.a. Clint,

                                                      Petitioner-Appellant.

versus

UNITED STATES OF AMERICA,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 20, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Horace Lockhart, a federal prisoner proceeding pro se, appeals the district

court's denial of Lockhart's most-recent motion to dismiss his indictment pursuant to Federal Rule of Civil Procedure 60(b).  Lockhart has previously filed several motions to vacate under 28 U.S.C. § 2255.  This Court also affirmed the district court's denial of Lockhart's previous Rule 60(b) motion—construed as another § 2255 motion—because Lockhart had not received permission to file successive § 2255 motions.  See United States v. Lockhart, 409 F. App'x 307 (11th Cir. 2011) (per curiam).

On appeal, Lockhart asserts that the indictment in his federal criminal case failed to charge a federal offense, and thus, the district court lacked jurisdiction over his case.  Lockhart further argues that his counsel was ineffective at trial and at sentencing in various ways.

We are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking and review de novo questions concerning jurisdiction. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam).

Where, in a purported Rule 60(b) motion, a defendant challenges the validity of his conviction by seeking to add a new ground for relief or attacking a district court's previous resolution of a claim on the merits, the motion is properly construed as a second or successive 28 U.S.C. § 2255 motion.  See id. at 1293-94.

A prisoner may not file a second or successive § 2255 motion without prior

2

permission from this Court.  28 U.S.C. § 2255(h); United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002).  Absent such permission, the district court lacks jurisdiction to address the § 2255 motion and must dismiss it.  See Williams, 510 F.3d at 1294-95.

Lockhart's Rule 60(b) motion does not allege any error in his earlier § 2255 proceedings.  Rather, it merely raises several bases for relief from his conviction.  His Rule 60(b) motion is therefore properly construed as a second or successive § 2255 motion.  See id. at 1293-94.  Lockhart failed to obtain authorization from this Court to file this successive § 2255 motion and, accordingly, the district court correctly determined that it did not have jurisdiction.

**AFFIRMED.**