[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-11682
Non-Argument Calendar

————————————————

D.C. Docket No. 5:10-cv-00418-WTH-PRL

ARISTOTLE SAMPSON,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent - Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(March 30, 2015)

Before MARCUS, MARTIN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Aristotle Sampson, a federal prisoner proceeding pro se, was convicted of

possession of a firearm by a convicted felon and sentenced under the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in 1999. He brought an initial

motion to vacate under 28 U.S.C. § 2255 in 2000, and the district court denied it on the merits. In 2010, Sampson filed the instant habeas corpus petition, this time seeking relief under 28 U.S.C. § 2241. He challenged his ACCA sentence enhancement and asserted that the government used perjured grand jury testimony to secure an indictment. The district court dismissed the petition on September 23, 2013, after determining that Sampson's challenge to his ACCA enhancement failed on the merits. It did not address whether the "savings clause" of § 2255 afforded it jurisdiction to entertain the § 2241 petition, nor did it address Sampson's perjured testimony claim. Sampson moved for reconsideration on October 28, 2013, the district court denied reconsideration in April 2014, and Sampson appealed. On appeal, he asserts that the district court erred in its analysis of his ACCA claim and violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) by not addressing his perjured testimony claim. After careful review, we dismiss the appeal in part, and vacate and remand it in part.

We are obligated to inquire into subject matter jurisdiction sua sponte and review jurisdictional issues de novo. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). In a habeas case, the timely filing of a notice of appeal is a jurisdictional requirement. Bowles v. Russell, 551 U.S. 205, 209-13 (2007). We read briefs filed by pro se litigants liberally, but issues not briefed on appeal by a

2

pro se party are still deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

In a civil case, a party has 60 days from the entry of the judgment or order appealed from to file a notice of appeal where the United States is a party to the case.  Fed.R.App.P.  4(a)(1)(B).  A timely filed Fed.R.Civ.P. 59 motion, or a Fed.R.Civ.P. 60 motion -- filed within 28 days of the relevant judgment or order -- tolls the time that a party has to file a notice of appeal.  Fed.R.App.P. 4(a)(4)(A)(iv), (v), and (vi); Fed.R.Civ.P. 59, 60.  We can consider a timely appeal from an order denying a motion for reconsideration, even if the motion was untimely to toll the appeal period.  See Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc., 615 F.3d 1352, 1359 n.14 (11th Cir. 2010) (concluding that we had jurisdiction to review the district court's order on a post-judgment motion, although the motion was untimely to toll the appeal period from the underlying judgment).

Because Sampson filed his post-judgment reconsideration motion more than 28 days after the judgment, it did not serve to toll the time in which he was required to file a notice of appeal.  Fed.R.App.P.  4(a)(4)(A)(iv) and (vi). Sampson's April 2014 notice of appeal, therefore, was untimely to appeal the September 23, 2013 dismissal of his § 2241 petition, and we lack  jurisdiction to review that order.  See Fed.R.App.P.  4(a)(1)(B); Bowles, 551 U.S. at 209-13.

Accordingly, to the extent that Sampson challenges the underlying denial of his § 2241 petition, his appeal is dismissed.

That being said, the notice of appeal was timely as to the denial of Sampson's motion for reconsideration, and Sampson's notice of appeal references that order, so we may review arguments that Sampson raises on appeal regarding that order. See Fed.R.App.P. 3(c)(1)(B) and 4(a)(1)(B). Moreover, Sampson's initial brief, construed liberally, does not abandon his challenge to the denial of his motion for reconsideration. Timson, 518 F.3d at 874.

However, we cannot rule on questions that the district court never had jurisdiction to entertain. Williams v. Warden, 713 F.3d 1332, 1337 (11th Cir. 2013). We also have an obligation to consider, sua sponte, whether the district court properly exercised jurisdiction over a case. Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1272-73 (11th Cir. 2010).

While § 2255 is the primary method of collateral attack for federal prisoners, § 2241 provides a limited, additional basis for habeas actions brought by federal prisoners. See 28 U.S.C. § 2241. The "savings clause" of § 2255 opens the portal to relief under § 2241 if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013). Whether the savings clause "may open the portal to a § 2241 petition" is a threshold jurisdictional

4

question that must be decided before delving into a petitioner's claim.  Bryant, 738 F.3d at 1262; see also Williams, 713 F.3d at 1337.

Here, as always, we have a duty to determine sua sponte whether the district court lacked jurisdiction over the case.  Miccosukee Tribe of Indians of Florida, 607 F.3d at 1272-73.  As the record shows, the district court resolved Sampson's § 2241 petition on the merits, without discussing whether the savings clause provided it jurisdiction to entertain the petition in the first place.  Whether the savings clause "may open the portal to a § 2241 petition" is a threshold jurisdictional question that must be decided before delving into a petitioner's claims.  Bryant, 738 F.3d at 1262.  Because the district court never established that the savings clause gave it jurisdiction over the case, we cannot determine whether it had jurisdiction to rule on the motion for reconsideration.  Accordingly, the district court's order denying reconsideration is vacated, and the matter is remanded to the district court with instructions to consider whether there was a proper basis for exercising jurisdiction over the case.

**DISMISSED IN PART, VACATED AND REMANDED IN PART.**