[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11482
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20796-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTON LEMAR DAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2017)

Before JULIE CARNES, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Anton Dames appeals the district court's dismissal of three post-conviction motions that: (1) requested the production of Brady[1] evidence and statements of witnesses who would not be called at trial; and (2) argued that (a) the government had not disclosed all Brady material before trial, (b) the government violated his Fourth, Fifth, and Sixth Amendment rights by wrongfully arresting and illegally prosecuting him, (c) the government failed to call a confidential informant as a witness at his trial, in violation of the Confrontation Clause, (d) his trial attorney had conspired with law enforcement and the confidential informant to falsely arrest and convict him, and (e) his trial attorney represented the confidential informant in the state case in which the informant cooperated in an attempt to reduce his own sentence.  The district court dismissed the case for lack of jurisdiction as a successive motion under 28 U.S.C. § 2255.

We review questions concerning jurisdiction *de novo*. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).  "Appellate courts have a responsibility to examine the subject matter jurisdiction of the district courts in actions that they review."  United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008) (internal quotation omitted).  "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th. Cir. 2005) (citation omitted).

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.   28 U.S.C. § 2255(a).  A second or successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals.  28 U.S.C. § 2255(h).  This certification must be obtained before the second or successive motion is filed in the district court.  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to entertain an unauthorized second or successive § 2255 motion.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Dames has failed to identify a procedural vehicle that would allow him to raise these claims at this time.  We agree with the government that the most appropriate vehicle would be a § 2255 motion. See 28 U.S.C. § 2255(a).  However, Dames previously filed a § 2255 motion in 2014.  Since Dames has neither sought nor received permission of this Court to file a successive § 2255 motion, § 2255 is not an appropriate vehicle through which Dames can bring his claims. See 28 U.S.C. § 2244(b); § 2255(h).

3

To the extent that Dames requests the production of documents, he has provided no jurisdictional vehicle under which to make that request. To the extent he challenges his sentences, his motions are unauthorized successive § 2255 motions, and the district court lacked jurisdiction to review them. Accordingly, the judgment of the district court is

**AFFIRMED.**