[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13646
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-14220-KAM

VALNEY A. WAUL,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Valney Waul, a Florida prisoner serving a life sentence for sexual battery, appeals *pro se* the district court's dismissal, for lack of jurisdiction, of his second 28 U.S.C. § 2254 petition for writ of habeas corpus. On appeal, Waul contends that the district court erroneously dismissed his petition because he claims that he is actually innocent.

We review questions of jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). The Anti-terrorism and Effective Death Penalty Act of 1996 provides that before a petitioner can file a second or successive habeas petition in district court, regardless of the claim or claims that the petitioner seeks to present, he must move in the appropriate court of appeals for an order authorizing it. 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive habeas petition. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Once a court determines that it lacks subject matter jurisdiction, it "is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

We have recognized that the phrase "second or successive" is not "self-defining" and does not necessarily "refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). Namely, where a petitioner seeks to challenge a different judgment than was challenged in the first § 2254 application, the application will not be deemed

2

second or successive.  *Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010). Accordingly, courts must look to the judgment challenged to determine whether a petition is second or successive.  *Insignares v. Sec'y, Florida Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).

The district court did not err because (1) Waul challenges the same conviction and sentence as he challenged in his previous § 2254 petition, (2) his previous § 2254 petition was decided on the merits, and (3) he has not obtained our authorization to bring his new claim.  Finally, Waul's actual innocence claim, and the government's response to his claim, is not reviewable because Waul has not obtained our permission to file a second or successive § 2254 petition. Accordingly, we affirm.

**AFFIRMED.**