[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15306
Non-Argument Calendar

_____

D.C. Docket Nos. 2:14-cv-00183-WCO; 2:13-cr-00010-RWS-JCF-1


DAVID ALAN WOLF,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 30, 2018)

Before WILSON, WILLIAM PRYOR, and HULL, Circuit Judges.

PER CURIAM:

David Alan Wolf pleaded guilty to enticing a minor under 18 U.S.C. § 2422(b) and was sentenced to 168 months.  As part of his plea agreement, Wolf waived the right to appeal or collaterally attack his plea or sentence.  Wolf, proceeding pro se, filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his plea counsel was ineffective, which caused him to involuntarily and unintelligently enter the guilty plea.  The district court denied the motion.  With the assistance of counsel, Wolf then filed a motion for relief from the judgment denying his § 2255 motion under Federal Rule of Civil Procedure 60(b).  In his Rule 60(b) motion, Wolf argued that lack of counsel in his § 2255 proceeding prevented him from fully articulating his ineffective assistance of counsel claim.  The district court dismissed the Rule 60(b) motion, construing it as a successive § 2255 motion over which it lacked jurisdiction.   Wolf now appeals, arguing that the district court erred in treating his Rule 60(b) motion as a successive § 2255 motion.  We disagree and affirm.

We review subject matter jurisdiction de novo.  *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam).  A district court lacks jurisdiction to review a federal prisoner's second or successive § 2255 motion unless it is first certified by the appropriate United States Court of Appeals.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam); 28 U.S.C. §§ 2244(a), 2255(h).

2

A Rule 60(b) motion is treated as a successive § 2255 motion if it (1) "seeks to add a new ground of relief"; or (2) "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005). But a Rule 60(b) motion is not treated as a second or successive § 2255 motion if it attacks a defect in the integrity of the § 2255 proceedings. *Id.* "[A]n attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5, 125 S. Ct. at 2648 n.5.

Wolf's Rule 60(b) motion is a substantive challenge veiled in procedural terms. In it, Wolf argues that he was entitled to assistance of counsel to prepare his § 2255 motion, and that with counsel, he would have been able to effectively argue his ineffective assistance of counsel claim. He attached new factual evidence, including an affidavit in which "Wolf expounds upon his claim that his guilty plea was the product of ineffective assistance of counsel." Wolf's Rule 60(b) motion does not attack a defect in the integrity of the § 2255 proceedings but rather attacks and attempts to relitigate the district court's resolution of his ineffective assistance of counsel claim. *See id.* Accordingly, the district court did not err in treating the Rule 60(b) motion as a successive § 2255 motion, and we affirm.

**AFFIRMED.**

3