[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10647
Non-Argument Calendar

_____

D.C. Docket Nos. 8:14-cv-01873-EAK-EAJ,
8:03-cr-00432-EAK-EAJ-1

JOSE RODRIGUEZ SOSA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 25, 2019)

Before MARCUS, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Jose Rodriguez-Sosa ("Sosa"), a federal prisoner serving a life sentence after

being convicted of various Hobbs Act and firearms offenses, appeals the dismissal

of his pro se Fed. R. Civ. P. 60(b) motion for relief from the judgment denying his

pro se 28 U.S.C. § 2255 motion to vacate his sentence. In his § 2255 motion, Sosa argued that the Supreme Court's decision in Burrage v. United States, 571 U.S. 204 (2014),[1] applied retroactively and entitled him to relief. The district court denied the motion, determining that Burrage did not apply retroactively and that his § 2255 motion, filed many years after his convictions became final, was time barred. In the instant Rule 60(b) motion, Sosa argued, in part, that there had been a change in decisional law, and that we held in Santillana v. Upton, 846 F.3d 779 (5th Cir. 2017),[2] that Burrage applied retroactively. He also raised a new claim for relief and reargued the merits of his § 2255 motion. The district court construed Sosa's Rule 60(b) motion as a second or successive § 2255 motion, concluded that it lacked subject-matter jurisdiction to consider it, and denied the motion in its entirety.

On appeal, Sosa raises four arguments, only one of which is properly before us.[3] In that argument, he says that we held in Santillana that Burrage applies

---

[1] In Burrage, the Supreme Court held that a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) where the use of a drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury unless the drug use is a but-for cause of the death or injury. See Burrage, 571 U.S. at 218-19. Sosa's Rule 60(b) motion relies on the Supreme Court's statement that the "death results" enhancement is an element that must be submitted to the jury and found beyond a reasonable doubt. See Burrage, 571 U.S. at 210.

[2] In his Rule 60(b) motion and in his initial brief on appeal, Sosa misstates that we, rather than the Fifth Circuit, decided Santillana.

[3] Two of Sosa's arguments -- that Burrage applies retroactively and that the Hobbs Act, 18 U.S.C. § 1952(a)(3), does not define robbery as a predicate "unlawful activity" -- do not concern whether the district court erred in construing his Rule 60(b) motion as a successive § 2255 motion, and are therefore outside the scope of this appeal. See Am. Bankers Ins. Co. of

2

retroactively to cases on collateral review, and that his Rule 60(b) motion challenged the district court's procedural ruling based on that change in the law. After thorough review, we affirm.

We review issues of subject-matter jurisdiction de novo. Williams v. Chatman, 510 F.3d 1290, 1293-95 (11th Cir. 2007) (reviewing the dismissal of a Rule 60(b) motion, construed as an impermissibly successive 28 U.S.C. § 2254 habeas corpus petition). We may affirm a district court's judgment on any ground appearing in the record, even if that ground was not relied on or even considered by the district court. Powers v. United States, 996 F.2d 1121, 1123-24 (11th Cir. 1993).

A district court does not have jurisdiction to review a federal prisoner's second or successive § 2255 motion, unless that motion is first certified by the appropriate United States Court of Appeals. 28 U.S.C. §§ 2244(a), 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255 motion]."). A Rule 60(b) motion for relief from judgment on a § 2255 motion constitutes a second or successive § 2255 motion if it seeks to add a new ground for relief or attacks the district court's prior resolution of a claim on the merits, but not when it attacks a

---

Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) (holding that an appeal of a Rule 60(b) motion is limited to the denial of that motion). His final argument -- that a fraud was committed on the court -- was not presented to the district court, so we decline to address that argument for the first time on appeal. See Access Now, Inc., v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that we will not consider an issue not raised in the district court).

defect in the integrity of the § 2255 proceedings.  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (addressing a Rule 60(b) motion in the context of a § 2254 petition); see also Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (applying Gonzalez to § 2255 motions), overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.—Suncoast, Inc., 851 F.3d 1076 (2017) (en banc), cert. denied, 138 S. Ct. 502 (2017).  District courts should consider each issue raised in a Rule 60(b) motion because they retain jurisdiction to consider those arguments that are cognizable in a Rule 60(b) motion.  See Williams, 510 F.3d at 1295 (holding that the district court retained jurisdiction to consider a § 2254 petitioner's argument that he should have been permitted further briefing).  Rule 60(b)(6) is intended "only for extraordinary circumstances."  Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) (quotation omitted).  The Supreme Court has indicated that a "change in decisional law is insufficient to create the 'extraordinary circumstance' necessary to invoke Rule 60(b)(6)."  Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) (citing Gonzalez, 545 U.S. at 535-38).

Here, we agree that portions of Sosa's Rule 60(b) motion were reiterations of the merits of his prior § 2255 motion.  Sosa also brought a new claim that 18 U.S.C. § 1952(a)(3) did not define robbery as an "unlawful activity."  The district court was correct in treating these portions of the motion -- that sought to attack the district

4

court's prior resolution of a claim on the merits and to add a new ground for relief -- as an impermissibly successive § 2255 motion. See Gonzalez, 545 U.S. at 532.

However, Sosa's motion also argued that there had been a change in decisional law, which is neither a new claim for relief nor an argument that the district court erred in making its first determination. This portion of the motion instead claimed that circumstances had changed, making the district court's procedural ruling erroneous, and should, therefore, have been treated as a claim for relief under Rule 60(b) rather than a successive § 2255 motion. See Gonzalez, 545 U.S. at 532. While the district court lacked jurisdiction to consider the other portions of the Rule 60(b) motion, it retained jurisdiction over this portion. See Williams, 510 F.3d at 1295. Accordingly, the district court erred in denying the entirety of Sosa's Rule 60(b) motion as a successive § 2255 motion.

Nevertheless, Sosa is not entitled to relief under Rule 60(b) on this portion of his motion. It was premised on the claim that there had been a change in the law regarding whether Burrage was retroactive. Among other things, his claim of a change in decisional law does not create an "extraordinary circumstance" warranting Rule 60(b)(6) relief. See Arthur, 739 F.3d at 631. Moreover, and in any event, the cases Sosa relied on to demonstrate a change in decisional law, particularly Santillana, were decided outside of this Circuit, so no relevant change in the law has occurred in this Court. To the extent Sosa says that we should also apply Burrage

5

retroactively, the language from that case was, by its terms, an extension of <u>Alleyne v. United States</u>, 570 U.S. 99 (2013), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  <u>See</u> <u>Burrage</u>, 571 U.S. at 210.  Yet our Court has already held that neither <u>Alleyne</u> nor <u>Apprendi</u> has retroactive effect.  <u>See</u> <u>Jeanty v. Warden, FCI-Miami</u>, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (holding that <u>Alleyne</u> does not apply retroactively on collateral review); <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001) (holding that <u>Apprendi</u> does not retroactively apply to § 2255 motions).  Thus, there is no merit to the argument that <u>Burrage</u> could be applied retroactively to Sosa in this Circuit.

In short, Sosa has failed to demonstrate "extraordinary circumstances" entitling him to Rule 60(b)(6) relief, and we affirm.  <u>See</u> <u>Powers</u>, 996 F.2d at 1123-24 (holding that we may affirm for any reason supported by the record).

**AFFIRMED**.