[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13146
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00224-CEM-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC C. FALKOWSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2021)

Before LAGOA, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Eric Falkowski, a federal prisoner proceeding *pro se*, appeals a district court order denying his "Motion for Reconsideration (Reopen Judgment)" made pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. On appeal, Defendant argues the district court erred in denying his motion because the district court's order was vague, his motion was timely, and his claim warranted relief. We find the district court lacked jurisdiction to consider Defendant's motion and affirm.

## I.     BACKGROUND

In December 2016, Defendant entered into an amended plea agreement in which he pled guilty to conspiracy to possess with intent to distribute a controlled substance and a firearms offense. The district court sentenced him to 188 months' imprisonment and the final judgment issued on March 23, 2017. Defendant did not directly appeal the final judgment.

More than three years later, in May 2020, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. He argued: (1) his plea was not knowing and voluntary under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and because the district court failed to confirm that he understood the nature of the conspiracy charge; (2) the government engaged in prosecutorial misconduct by violating the terms of his plea agreement and failing to file a motion under Fed. R. Crim. P. 35(b) based on assistance he provided; (3) his attorney provided ineffective

2

assistance in advising him to participate in a proffer session with the government and failing to investigate his suggested defense; and (4) his Fourth and Fifth Amendment rights were violated because his proffer session testimony and evidence were "elicited through an elaborate ruse." Defendant's § 2255 motion remains pending before the district court.

On July 27, 2020, Defendant filed a "Motion to Reopen Judgment" pursuant to Federal Rule of Civil Procedure 60(b)(6). The motion was docketed as a "Motion for Reconsideration (Reopen Judgment)." Defendant asserted in his motion that the final judgment was "wrought with countless instances of constitutional infirmities," based on prosecutorial misconduct and ineffective assistance, as raised in his pending § 2255 motion. He requested the final judgment in his criminal proceedings be reopened and that the district court enter a "notice of intent to appeal as timely filed" and an order appointing appellate counsel. Defendant further requested that his § 2255 motion be stayed pending resolution of any appeal.

On August 11, 2020, the district court denied Defendant's "Motion to Reopen Judgment" in a paperless docket entry referencing Defendant's § 2255 motion. Defendant appeals arguing his timely Rule 60(b)(6) motion justified relief.

3

## II.    DISCUSSION

### A.    Standard of Review

"We review for abuse of discretion the denial of a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b)." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012).  However, we are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (internal quotation omitted).  "We review *de novo* questions concerning jurisdiction." *Id*.

### B.    The District Court Properly Denied Defendant's Rule 60(b)(6) Motion

We agree with the district court's denial of Defendant's Rule 60(b)(6) motion in view of his pending § 2255 motion.  Rule 60(b)(6) is a catch-all provision that permits a district court to relieve a party from a final judgment for any reason that justifies relief, including those not expressly listed in Rule 60(b).  Fed. R. Civ. P. 60(b)(6).  Defendant's motion attacks the final judgment in his criminal case as being "wrought with countless instances of constitutional infirmities."  However, "Rule 60(b) simply does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that the district court lacked subject matter jurisdiction necessary to provide Rule 60(b) relief where defendant's Rule 60(b) motion challenged criminal forfeitures); *see United States v. Fair*, 326 F.3d 1317, 1318

4

(11th Cir. 2003).  Accordingly, the district court correctly denied Defendant's Rule 60(b)(6) motion.

We are empowered to liberally construe a defendant's *pro se* filings.  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).  However, even if we were to liberally construe Defendant's motion as another motion under 28 U.S.C. § 2255, it would nevertheless be improper.  Successive § 2255 motions are permitted only in limited circumstances not applicable here.  *See Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011).  Defendant's Rule 60(b)(6) motion merely parrots the challenges made in his pending § 2255 motion and that is the proper vehicle for resolution of the issues Defendant has raised.  Moreover, "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255] petition."  *Holt*, 417 F.3d at 1175; 28 U.S.C. § 2255(h).

Accordingly, we find the district court lacked subject matter jurisdiction to consider Defendant's Rule 60(b)(6) motion.  We construe the district court's denial on the merits as a dismissal and affirm because this is a distinction that makes no difference in this case.  *See Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing district court's dismissal for lack of jurisdiction as denial on the merits and affirming because the distinction between denial and dismissal makes no significant difference).

## III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the order of the district court denying Defendant's Rule 60(b)(6) motion.