[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11167
Non-Argument Calendar

_____

D.C. Docket No. 1:04-cr-00091-TWT-AJB-1

MELVIN WALKER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 5, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Melvin Walker, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The district court determined the motion was an unauthorized second or successive motion to vacate Walker's convictions and sentence under 28 U.S.C. § 2255. Walker argues the district court erred by failing to rule on the merits of his Rule 60(b) motion because it challenged the fairness and integrity of his § 2255 proceedings and not his underlying convictions. After review,[1] we affirm the district court.

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence by asserting "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Only a single § 2255 motion is authorized, and successive attempts at relief are limited. *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). To file a second or successive § 2255 motion, a prisoner must first obtain our authorization. 28 U.S.C. § 2255(h). Without our authorization, the district court

---

[1] We review questions of the district court's subject matter jurisdiction *de novo*. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). We review district courts' decisions managing their dockets for abuse of discretion. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004) (reviewing various district court decisions made in the course of managing its docket for abuse of discretion).

lacks jurisdiction to consider a second or successive § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Rule 60(b) provides an avenue for a petitioner to seek relief from a final civil judgment on several narrowly defined grounds. Fed. R. Civ. P. 60(b). Rule 60(b) has a limited application in habeas proceedings and may not be used to circumvent the prohibition on filing a successive § 2255 motion without our permission. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). A Rule 60(b) motion is properly treated as a successive § 2255 motion if it: (1) seeks to add a new ground for relief; or (2) attacks the federal court's previous resolution of a claim on the merits. *See id.* at 1293-94. A Rule 60(b) motion is not treated as a successive § 2255 motion if it attacks the integrity of the prior federal habeas proceedings, rather than the substance of the court's resolution of the claim on its merits. *See id.* at 1294. Generally, to attack a defect in the integrity of the § 2255 proceedings and escape treatment as an impermissibly successive § 2255 motion, the Rule 60(b) motion must allege a fraud on the court or allege a procedural error that prevented the court from reaching the merits of the § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 & nn.4-5 (2005).

Under the Rules Governing § 2255 Motions (§ 2255 Rules), once an inmate files his motion, the court conducts a preliminary review of the motion and may decide whether to order the respondent to answer. Rules Governing § 2255

Proceedings for the U.S. District Courts, Rules 4 and 5. If required, the respondent must file its answer within a fixed time, which is determined by the court. *Id.*, Rules 4(b); 5(d).

The Government concedes, and we agree, that the district court erred in denying Walker's Rule 60(b) motion solely on the basis that it lacked jurisdiction to consider it. Walker's first claim attacked the integrity of his prior § 2255 proceedings, specifically that the judgment was void because the court either ruled on an improperly resubmitted § 2255 motion or failed to rule on the motion at all. *See Williams*, 510 F.3d at 1294. Thus, Walker's first claim was properly brought in a Rule 60(b) motion, and the district court had jurisdiction to consider it.

Nevertheless, we can affirm on any basis supported by the record, and we conclude Walker's claim that the judgment in his § 2255 proceedings was void lacks merit. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (stating we may affirm for any reason supported by the record, even if not relied upon by the district court). Contrary to Walker's contention, the district court ruled on the merits of Walker's original § 2255 petition. Walker's arguments regarding the district court's "resubmission" of his motion and the Government's delay in responding to his motion challenge the district court's "unquestionable authority" to manage its own docket. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have 'unquestionable' authority to

4

control their own dockets."). While Walker asserts the district court's management of his § 2255 motion violated the § 2255 Rules, nothing in those rules required the court to order the Government to respond within a certain period of time, and district courts generally have "broad discretion in deciding how best to manage the cases before them." *See id.* (quotations omitted). Furthermore, Walker's argument challenging the clerk's entry of judgment on his original § 2255 motion is misguided because Federal Rule of Civil Procedure 58(b) requires the clerk to enter a separate judgment when the court denies all relief requested in a § 2255 motion. *See* Fed. R. Civ. P. 58(a), (b)(1)(C) (providing when a court enters an order denying a § 2255 motion the judgment must be set out in a separate document, and that if the court denies all the relief requested, the clerk promptly prepares, signs, and enters judgment in a separate document without waiting for the court's direction). Thus, we affirm the district court's denial of the first ground for relief on the basis that Walker's claim was meritless.

The district court did not err in finding it lacked jurisdiction over the second ground for relief in Walker's Rule 60(b) motion because it attacked the court's resolution of his § 2255 motion on the merits. Walker's second ground complained of fraud during his trial and appeal—not during his § 2255 proceedings—and was not properly raised in a Rule 60(b) motion. *See Gonzalez*, 545 U.S. at 532 & nn.4-5. Accordingly, the district court did not err in dismissing

5

Walker's second ground for relief for lack of jurisdiction because Walker needed our authorization to bring such a claim. *See Farris*, 333 F.3d at 1216.

**AFFIRMED.**